## UNITED STATES *v.* ISAACS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES. FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 391. Argued March 15, 1893. — Decided April 10, 1893.

Cigarette paper, made of a quality, and cut into a size, fit for wrapping cigarettes, and which, in the condition and form in which it is imported, can be used by smokers in making their own cigarettes, is subject to the duty of seventy per cent *ad valorem*, imposed on "smokers' articles"

by schedule N of the Tariff Act of March 3, 1883, c. 121, and not to the duty of fifteen per cent *ad valorem*, imposed on " manufactures of paper" by schedule M of the same act.

THIS was an action brought June 15, 1886, by the United States against Isaacs, to recover additional duties upon sixteen cases of cigarette paper, which he had imported and entered for consumption at the port of New Orleans in June, 1885, and had paid a duty of fifteen per cent *ad valorem* upon, as " manufactures of paper," under schedule M, and which the collector, in liquidating the entry, held to be dutiable at seventy per cent *ad valorem* as " smokers' articles," under schedule N of the Tariff Act of 1883.

At the trial before a jury, the only controversy was under which description the merchandise was dutiable, upon the following facts agreed by the parties:

" The goods in question consisted of paper of a quality suitable for wrapping cigarettes filled with tobacco, and was cut into sizes fit for that use, and could have been used for that purpose, or in manufacturing cigarettes, but is not usually and in the ordinary course of trade put on the market for sale to smokers in the condition and form in which it was imported; but such paper is fitted for market and sale to smokers by being separated into lots or parcels of from one hundred to two hundred and fifty leaves of paper, after which one edge of the parcel of leaves is connected together with paste, glue or some other adhesive cement, and afterwards cemented to a protective cover, making, when the manipulation is complete, what is known in commerce as cigarette books, and from which the leaves are torn, one at a time, for the manufacture of cigarettes by smokers or manufacturers. It was, however, possible for any smoker to have taken the separate leaves of paper in form as imported, and used the same in making cigarettes, without having been first made up in books as above described. In fact, a part of this shipment and importation was sold directly to manufacturers of cigarettes in bulk for use in cigarette factories. And if the classification or rate of duty to be imposed is or can be in any

manner affected by the intention of the importer as to future use after importation, the defendant admits that at the time of importation and entry it was his intention to use said paper in the manufacture of cigarette books; and that, in fact, a large portion of said paper was so used by him after importation, and was by him sold in that form in the United States."

The United States requested the court to instruct the jury that upon the facts agreed the paper in question was a smoker's article, and liable to a duty of seventy per cent *ad valorem*, and that they should find a verdict for the United States. But the court declined so to instruct the jury; and ruled that upon the facts agreed the goods should be classified as a manufacture of paper, and that the defendant, having paid a duty upon it as such, was entitled to a verdict, which was returned accordingly. The United States alleged exceptions, and on February 11, 1890, sued out this writ of error.

*Mr. Assistant Attorney General Parker* for plaintiff in error.

*Mr. W. Wickham Smith*, (with whom were *Mr. Charles Curie* and *Mr. D. Ives Mackie* on the brief,) for defendant in error.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

It having been admitted by the parties, at the trial, that the paper in question in this case was made of a quality, and cut into a size, fit for wrapping cigarettes, and could, in the condition and form in which it was imported, be used by smokers to make their own cigarettes — although it is not, in the usual and ordinary course of trade, put on the market for sale to smokers in that condition and form, but is usually prepared for sale to smokers by being made up into cigarette books, or else sold to manufacturers of cigarettes to be used in their factories — it must, under the opinion just delivered in *Isaacs* v. *Jonas, ante,* 648, be held, to come within the clause of the Tariff Act, which imposes a duty of seventy per cent *ad*

*valorem* on "smokers' articles." The jury having been instructed otherwise, the

*Judgment must be reversed, and the case remanded to the Circuit Court with directions to set aside the verdict and to order a new trial.*