## WANNER *v.* UNITED STATES (No. 430).[1]

PARTS OF CHAIRS NOT LUMBER OR WOOD.

Where the importation consisted of the defined parts of a piece of furniture, it being apparent those parts were designed for a particular use and that their suitableness for any other purpose had been destroyed, the merchandise is taken out of the category of lumber or wood, it has become, as in the case here, a partly finished chair or an article of house furniture partly finished, and as such is dutiable under paragraph 215, tariff act of 1909.

### United States Court of Customs Appeals, May 22, 1911.

APPEAL from Board of United States General Appraisers, G. A. 7066 (T. D. 30790).

[Affirmed.]

*Churchill & Marlow* (*William A. Hines* of counsel) for appellant.

*D. Frank Lloyd,* Assistant Attorney General (*Charles Duane Baker* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise was assessed for duty by the collector of customs at the port of New York, whereat it was imported, as "House or cabinet furniture * * * wholly or partly finished," under the provisions of paragraph 215 of the tariff act of 1909. The importer's contention is that it is properly dutiable as "wood unmanufactured," under the provisions of paragraph 203 of that act.

At the hearing, the Government justified the assessment by the collector upon the grounds that not only is the merchandise properly described as "house or cabinet furniture wholly or in chief value of wood, wholly or partly finished," under the provisions of paragraph 215, but also properly included within the term "manufactures of wood," a part of the same paragraph.

The Board of General Appraisers affirmed the assessment by the collector. The importer appeals.

At the hearing before the board the importer, appellant· here, sought to affix to the words "furniture * * * partly finished," a commercial signification applicable to this merchandise as imported. At the hearing in this court, however, the appellant expressly

---

[1] Reported in T. D. 31628 (20 Treas. Dec., 1081).

abandoned that contention and conceded the evidence in the record insufficient for that purpose.

It appears from the record and testimony therein by the representative of the importer that the merchandise consists of pieces of beech wood that have been originally cut to a size and thickness, and then wrought into certain shapes, and which eventually become chairs. The back, arms, legs, and sides of the chair are all included in this importation. After the wood is cut to a particular shape, it is put into a mold made of iron and steamed to make it soft and pliable. It is then put into a dry kiln until it is thoroughly dry, so that when it comes out and is taken from the mold it retains a permanent shape as molded. It has been planed, but at what time does not appear. The articles, as imported, constitute the respective parts and all such necessary to complete a chair. All that is necessary for the completion of the chair in the rough upon arrival of the merchandise in this country is to fit together the parts which have already been given shape and retained such at the time of importation.

The return of the appraiser and the testimony of the representative of the importer leave doubt whether or not the merchandise is polished or stained as imported and whether or not the screws necessary to join the same are a part of the importation. This, however, we regard as unimportant.

As imported, all the parts of the chair are together—the back, the arms, the legs, the sides, the seat, and all other necessary parts.

The following testimony by the representative of the importer concludes this phase of the controversy:

General Appraiser McCLELLAND. Well, were all the parts of the chair there ready to be assembled and put together?

The WITNESS. The parts that would make up a chair were all there; yes; that with which we could make up a chair, they were all there.

Q. What is done to these parts when you get them here?—A. When we get them we start first of all to fit them; to fit one to the other.

Q. One part to the other?—A. Yes; to bore them; to screw them together.

Q. I mean in this particular shipment.—A. In this particular shipment; that is what I am speaking of—to bore them, to assemble the parts, to fit the various parts one into the other, and to screw them together, then to finish the chair and finally to upholster it.

It further appears from the record that a part of the importation was already varnished ready for final use. It is further made apparent by the record that this so-called bent-wood furniture, which is made of the Austrian beech by reason of its superior qualities in that respect, such as this importation, may or may not be upholstered or attended by added parts or processes in completing the article ready for use, according to the taste and order for the particular class of chairs desired.

It is likewise apparent from the record in this case that this merchandise, from the processes which have been applied to it and its condition as imported, bears unmistakable witness to its subsequent use. Anyone looking at it as imported would readily understand from its appearance that it was intended for use as a chair. It is further apparent that as imported its suitableness for any other use has been destroyed and its adaptability for the particular use intended, chairs, is fixed and certain. It has therefore been taken out of the category of lumber or wood, and by the processes of manufacture which have been bestowed upon it it has been so far put upon its ultimate course in the manufacturing processes incident to the making of chairs that it is unsuitable for any other purpose. All that remains to be done in this country is the assembling of the parts included within this importation, the adjusting of them one to the other, and the making permanent of this assembling by screws or other devices. That ultimate article and use is a chair, the processes in the manufacture of which have so far proceeded in this importation as to have concededly covered the greater part of the expenditure in its manufacture. It is therefore a chair, an article of household furniture of wood, partly finished. We think that the importation is clearly and explicitly within the language of the statute, and that the decision of the Board of General Appraisers should be *affirmed*.