### JACKSON Co. *et al. v.* UNITED STATES (No. 693).[1]

CAST-IRON LININGS FOR MANTELS AND FIREPLACES.

The several pieces of the importation, constituting the fireplace and mantel sets, have been so designed, formed, shaped, and fitted together that they have lost their identity as castings and have become parts of a consistent whole; they have passed from the category of materials into one of articles that, through manufacturing processes, have had their ultimate use determined. The fact that the castings are not assembled does not deprive them of their character as entireties. The articles were dutiable as assessed under paragraph 199, tariff act of 1909.

### United States Court of Customs Appeals, January 23, 1912.

APPEAL from Board of United States General Appraisers, G. A. 7218 (T. D. 31566).

[Affirmed.]

*Churchill & Marlow* (*Wm. A. Hines* of counsel) for appellants.

*Wm. L. Wemple*, Assistant Attorney General (*Wm. K. Payne*, Deputy Assistant Attorney General, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

This appeal raises the question of the classification for customs purposes of certain cast-iron linings for mantels and fireplaces. The merchandise was returned by the appraiser as a manufacture of metal, and accordingly it was assessed for duty by the collector of customs at the port of New York at 45 per cent ad valorem under the provisions of paragraph 199 of the tariff act of August 5, 1909, which paragraph reads as follows:

199. Articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

The importers protested that the goods were cast-iron plates, or cast-iron plates advanced in condition, or castings of malleable iron not specially provided for, and that therefore they were dutiable under one or other of the following paragraphs:

147. Cast-iron andirons, plates, stove plates, sadirons, tailor's irons, hatter's irons, and castings and vessels wholly of cast iron, eight-tenths of one cent per pound. All castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting

---

process but not made up into articles, shall pay two-tenths of one cent per pound more than the rate imposed upon the castings of iron and cast-iron plates hereinbefore provided for.

148. Castings of malleable iron not specially provided for in this section, seven-tenths of one cent per pound.

The Board of General Appraisers overruled the protests and the importers appealed.

The castings are 54 in number and represent the linings of nine fireplaces and their corresponding mantels. For each fireplace there is a back piece and two side pieces, and for each mantel there is a frieze piece and two jamb pieces. The side pieces of the fireplace are fitted to the back piece and the back piece and sides are equipped with lug bolts and corresponding straps, so that they may be firmly bound together as a single unit. The three pieces together form a fireplace lining, and all three pieces carry the same scheme of decoration—that is to say, cast figures and scroll work of the same type and character. A frieze and two jamb castings make up a lining set for a mantel, and as these pieces come ready to be put in place without cutting, chiseling, drilling, or painting we assume that they are fit to be used for no other purpose than as parts of the set.

Counsel for appellants admit that if these castings had been imported under the tariff act of July 24, 1897, they could not have been classified as castings; and that if so imported, they would have been dutiable under paragraph 193 of that act at 45 per cent ad valorem. They call attention, however, to the fact that paragraph 147 of the tariff act of 1909 covers a wider field than the corresponding provision (par. 148) of the tariff act of 1897, and that under the later legislative dispensation goods such as those imported should be classified as "castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process, but not made up into articles." The vice of this contention lies in the fact that it is based on the assumption that the several castings must be considered not as parts of a whole, but as distinct entities, with an individuality of their own. That assumption we do not think is warranted by the evidence in the case. The merchandise itself bears witness that manufacturing processes and a definite purpose cooperated from beginning to completion to produce something more than chiseled, drilled, machined, or otherwise advanced castings and that the several pieces constituting the fireplace and mantel sets have been so designed, shaped, formed, and fitted together that they have lost their identity as castings and have become the parts of a consistent whole. In a word, they have been advanced beyond the point of castings out of which something may be made and have become definite articles with a definite name and with a specific use, which unfits them for any other commercial purpose than that of mantel and fireplace linings.

Indeed it would seem that they are unfit for any use except as linings for the particular mantels and fireplaces for which they were especially designed or as linings for mantels and fireplaces of like form and dimensions. Cast-metal products with the characteristics of those imported have passed out of the category of materials, and have reached the stage not only of manufactured articles, but of manufactured articles the final and ultimate use of which has been fixed and determined by manufacturing processes. Knauth *v.* United States (1 Ct. Cust. Appls., 422; T. D. 31499); Wanner *v.* United States (2 Ct. Cust. Appls., 68; T. D. 31628); United States *v.* Dudley (174 U. S., 670, 673).

The fact that these linings as imported are not assembled into the form of their ultimate use does not deprive them of their character of entireties, and neither does it require that the parts into which the entirety has been temporarily resolved should be considered for tariff purposes as separate entities. "Knocked down" or assembled, the castings, which were imported together, constituted mantel and fireplace linings, and for nothing else were they commercially fit or available. They were therefore, in our opinion, dutiable as entireties under the well-settled rule laid down by the courts. United States *v.* Auto Import Co. (168 Fed. Rep., 242); Park & Tilford *v.* United States (1 Ct. Cust. Appls., 34; T. D. 31006); Knauth *v.* United States (1 Ct. Cust. Appls., 422; T. D. 31499); Isaacs *v.* Jonas (148 U. S., 648, 653, 654); United States *v.* Isaacs (148 U. S., 654, 656).

The decision of the Board of General Appraisers is *affirmed*.