LANG *et al.* v. UNITED STATES (No. 1348).[1]

CASTINGS UNDER PARAGRAPH 147, TARIFF ACT OF 1909.

These are finished castings, molded, drilled, and machined; but to make the machine complete rubber gaskets, filter cloths, bronze fittings, cocks, etc., are required. They are not adapted to the final use for which they were made; they are not "made up into articles."

## United States Court of Customs Appeals, June 1, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34937 (T. D. 34219).

[Reversed.]

*Hatch & Clute (Walter F. Welch* of counsel) for appellants.
*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Thomas J. Doherty,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case involves castings which were assessed for duty under paragraph 199 of the tariff act of 1909 as "articles or wares not specially provided for * * * composed wholly or in part of iron." They are claimed by the importer to be classifiable under paragraph 147 of the same act as "castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition, * * * but not made up into articles."

The appraiser reported the merchandise to consist of brewing machines, and as they were not specially provided for they were returned for duty as manufactures of metal under paragraph 199.

The testimony adduced on the part of the importer, which is uncontradicted, shows that the castings were designed for use for mash filters. They are the finished castings, molded, drilled, and machined. But in order to make the machine complete, they require rubber gaskets, which are imported separately from Munich. They also require filter cloths, which are imported from Castile. They also require a considerable amount of copper work, which is made in this country, and also bronze fittings, cocks, etc., made in this country.

The evidence further shows that they are not adapted to the use for which they are ultimately intended in the absence of all these various parts. The board so found. In the opinion it is stated:

The articles are invoiced as mash filters in iron without brass and rubber fittings and without filtering cloths. The evidence, however, establishes that, while certain missing bronze, brass, and rubber fittings are essential to perfect and complete the ma-

---

[1] Reported in T. D. 34552 (26 Treas. Dec., 1006).

chines, the invoiced parts are in their imported condition capable of being bolted and fitted in such manner as to cause them to lose their identity as advanced castings and to bring them within the category of manufactured articles of metal.

The assessment was therefore affirmed. The importer appeals.

Paragraph 147 has had consideration by this court in two cases. In Jackson *v.* United States (2 Ct. Cust. Appls., 475; T. D. 32227) we considered an article admittedly complete in itself except that it was imported in the knockdown. Such an importation, consisting wholly of castings, was held to fall within the term "made up into articles," as all that remained to be done was to assemble it to make it complete.

In United States *v.* Leigh & Butler (4 Ct. Cust. Appls., 304; T. D. 33517), on the other hand, we held that castings for use in machines, imported to be sold separately, were dutiable as castings, although as castings they were complete in themselves and might in one sense be termed "articles." This was held upon the ground that the wording of paragraph 147 required such a construction in order to give any force or effect to the clause "made up into articles." Castings as described in the paragraph clearly contemplated the advance of rough castings to a state which would dedicate them to use in connection with other castings for some practical end. Therefore it would seem that when the limitation was made to castings not made up into articles, such limitation imported that the castings must not only be adapted for use in an article such as a machine, but that its parts when assembled would constitute an article or machine. Is the present importation such a complete article? We think not. It is not yet adapted to its final use, lacking as it does substantial parts, without which it can not be devoted to the ultimate contemplated use. We are not dealing with a case in which the missing parts are inconsequential or insignificant, such, for instance, as screws used in assembling chairs imported in the knockdown, but the case presented is one in which various very substantial parts yet to be imported or manufactured in this country are to be supplied before the casting can be made up into an article adapted to use. To meet the requirement of the statute it must at least constitute substantially the article which is to be finally fitted for use.

While the case is a border-line case, we think that the better view is that above expressed, and giving the importer the benefit of the doubt in construing the statute, the result above indicated is the correct one. The decision of the board will be *reversed*.