UNITED STATES *v.* GRINNELL Co. (No. 3048[1])

United States Court of Customs Appeals, June 11, 1928

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell* and *Fred J. Carter*, special attorneys, of counsel), for the United States.
*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellee.

[Oral argument May 7, 1928, by Mr. Carter and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case consists of various cast-iron pipe fittings, such as tees, elbows, joints, etc., of various sizes. After being cast they were machined—that is, threaded—in order to be used for connecting pipes. As imported they are ready for use, and are articles of commerce.

The collector classified and assessed the merchandise under paragraph 167 of the Tariff Act of 1913, as a manufacture of metal not

[1] T. D. 42844.

specially provided for. The relevant part of that paragraph is as follows:

Articles or wares not specially provided for * * * if composed wholly or in chief value of iron, steel, * * * or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

The importer protested, claiming the merchandise to be dutiable under paragraph 125 of the same act, the greater part of which we quote:

Cast-iron pipe of every description, cast-iron andirons, plates, stove plates, sadirons, tailor's irons, hatter's irons, and castings and vessels wholly of cast iron, including all castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles or finished machine parts; * * * 10 per centum ad valorem.

The Board of General Appraisers (now the United States Customs Court), on March 26, 1926, after hearing testimony, entered judgment sustaining the protest. Upon the application of the Government a rehearing was granted, and additional evidence introduced. On December 26, 1927, the United States Customs Court again sustained the protest. In its later decision the court said, referring to its former one:

We held said claim to be well founded, since the record showed that the articles were such as were regularly carried in stock for use in the installation of automatic sprinkler systems for fire protection, of steam or hot-water systems, of sewage disposal systems, and of practically any system where oil, gas, water, steam, or air is transported by means of piping, and that the purposes of such fittings were merely to serve as joints for the piping to carry the latter in any desired direction.

We there held that—

While these articles as imported are complete in themselves for use in piping systems as elbows, joints, tees, etc., they nevertheless are individual units in no way related to each other as parts of a whole. They are not a number of castings which, if assembled, would constitute a made-up article, nor a finished machine part.

And we cited as authorities for holding the articles as castings within the meaning of said paragraph 125 the decision in *Jackson* v. *United States*, 2 Ct, Cust. Appls. 475; T. D. 32227; *United States* v. *Leigh & Butler*, 4 Ct. Cust. Appls. 304; T. D. 33517; and *Lang* v. *United States*, 5 Ct. Cust. Appls. 362, T. D. 34552.

There is no controverted question of fact, and any discussion of the evidence is unnecessary. We think, under the authorities cited, the court below reached the right conclusion.

It will be noted that paragraph 125 provides for castings of iron which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process, but not *made up* into articles or finished machine parts. The fittings here are castings which have been machined, or otherwise advanced by processing, subsequent to the casting process. In one

sense, of course, each is an article, and but for the existence of paragraph 125, or some other excluding provision, would be classifiable under paragraph 167. That paragraph, however, contains the expression "not specially provided for." We think these fittings are specially provided for in paragraph 125. They are castings which have been machined. While they are standard stock articles, they have not been "made up" into articles. Nothing has been done other than to process the castings, as the paragraph provides may be done. They are not a part of any particular machine, but may be and are devoted to any one of a great variety of uses, for which, of common knowledge, threaded, cast-iron pipe fittings are commonly used.

In *United States* v. *Leigh & Butler, supra*, we construed paragraph 147 of the Act of 1909, which contained a provision for castings of iron advanced in condition after the casting process, "but not made up into articles," and reference may be had to our opinion in that case as further expressing our views as to the meaning of the quoted expression. The other cases cited by the court below are also pertinent, and are referred to. Congress, in enacting paragraph 125 of the Act of 1913, retained the expression "but not made up into articles" which we had before us in the *Leigh & Butler* case, from which a presumption of legislative adoption arises.

The judgment below is *affirmed*.