Cowtan & Tout (Inc.) v. United States (No. 3514) [1]

[1] T. D. 45678.

54

United States Court of Customs and Patent Appeals, May 2, 1932

*Walden & Webster* (*J. L. Klingaman* and *Edward F. Jordan* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. McKenna*, special attorney, of counsel), for the United States.

[Oral argument April 13, 1932, by Mr. Jordan and Mr. McKenna]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant imported at the port of New York certain merchandise which is described upon the invoice as—

4 walnut stuff back chairs, stuffed and finished in calico ·* * * 8 pieces of needlework (4 chair seats and 4 backs * * *) 4¼ yds. fawn-colour tapestry cloth, 11 yards of braid, 7 yards of cord.

These were classified by the collector as entireties as articles in chief value of wool, in part of wool braid and trimmings, at 90 per centum under paragraph 1430 of the Tariff Act of 1922.

The importer protested, making various claims in its protest. However, on the argument of the case here, these claims are limited to one, that the imported articles are classifiable separately, the chair frames under paragraph 410 of said act as house or cabinet furniture wholly or in chief value of wood, the chair seats and backs under paragraph 1119 of said act as manufactures not specially provided for, wholly or in chief value of wool, and the fawn-colored tapestry cloth under either paragraph 1108 or paragraph 1109 of said act as woven fabrics wholly or in chief value of wool. The braid and cord are admittedly properly .classified by the collector under para-graph 1430.

The testimony shows that the four seats and four backs are made for the purpose of being attached to the four chair frames which are in the importation; that it was designed to use all of the imported materials for the purpose of constructing four chairs, and that the materials were used for that purpose. When the chair frames were imported, they had hair-stuffed backs and seats, with an overlining of calico upon which it was intended to place the prepared cloth backs and seats.

The issue presented here is whether the collector and the court below properly concluded that the imported articles should be classified as entireties in chief value of wool and in part of braid. The court below felt that the case was brought clearly within the decision of this court in *Altman* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232, because of these facts which it held to be established by the record: That the merchandise was ordered and made according to certain specifications—

that certain specifications were set forth for the chair backs, the chair seats, the braid, and the cord, and that a sufficient quantity of each was sent to him to complete the chairs.

The question as to what are or are not entireties is one which has engaged the frequent attention of this court. In the *Altman* case, *supra*, this court had before it certain importations of unassembled corsets. The merchandise consisted of corset sides, laces, folded pieces of lace, each cut to size, and a number of small bows of satin ribbon. All these parts were tagged and all that was necessary for the importer to do was to assemble them. We there extensively reviewed the cases on entireties and came to the conclusion that the importations were corsets and should be assembled for duty as entireties.

In *United States* v. *Wanamaker*, 16 Ct. Cust. Appls. 548, T. D. 43266, certain pieces of cotton canvas and bundles of silk yarn and of wool yarn were imported, it being the purpose to use the wool and silk yarn in embroidery designs upon the pieces of canvas. The yarn was in the bundle and not cut into pieces. We held, after discussing the *Altman* case, *supra*, that the goods imported were not entireties, suggesting that they were no more entireties than would be the case in the importation of cloth out of which wearing apparel might afterwards be made.

Again, in *Salemi & Sons* v. *United States*, 19 C. C. P. A. (Customs) 43, T. D. 44892, we had before us bedspreads with which were imported certain silk fringes, which silk fringes were of the proper length, color, and design for use in connection with the individual bedspreads. These were held to be entireties.

These cases indicate the views of this court upon what does or does not constitute an entirety, and that view is no different from the

views expressed in the early cases cited by the Government, namely, *Wanner* v. *United States*, 2 Ct. Cust. Appls. 68, T. D. 31628, and *Jackson Co.* v. *United States*, 2 Ct. Cust. Appls. 475, T. D. 32227. If, when the merchandise is imported which is claimed to be an entirety, the parts are so processed that there is nothing left for the importer to do but to assemble them into a completed article, then we have held such merchandise to be an entirety. If, however, on the other hand, a part of the imported material must be further substantially processed, as was the case in the *Wanamaker* case, *supra*, before it is ready for its final use, then such an importation does not constitute an entirety, at least so far as the unprocessed material is concerned.

But one witness, Tout, was called, whose testimony throws any light upon the involved issue. This witness testified that the fawn-colored cloth was in one piece, 4¼ yards in length. He gave no testimony, nor is there any showing in this record as to whether the braid and cord were imported in lengths not cut to size for each chair. There is also no testimony in the record as to whether the fawn-colored cloth, the braid, and the cord were marked in any manner to designate that they were to be cut at certain places to fit them for use in making the chairs. If such marking existed, it would have had great weight in controlling the classification of said articles. *United States* v. *Buss & Co.*, 5 Ct. Cust. Appls. 110, T. D. 34138; *Rogers* v. *United States*, 14 Ct. Cust. Appls. 51, T. D. 41552; *United States* v. *Rogers*, 18 C. C. P. A. (Customs) 271, T. D. 44448.

In addition, there is no testimony in the record as to whether the fawn-colored cloth is a woven fabric, and such as comes within the purview of paragraph 1108 or paragraph 1109 of said tariff act, or whether it is a manufacture wholly or in chief value of wool and, as such, should be included within the purview of paragraph 1119 of said act, if said cloth be separately classifiable.

Our conclusion is that if the fawn-colored cloth, the braid, and the cord were imported as material not cut or marked to be cut, the articles of importation ought not to be classified as entireties. It is obvious that the chair frames, backs, and seats are and should be classified as entireties, irrespective of the conclusion which may ultimately be arrived at as to the remaining articles which go to make up the chair. If the fawn-colored cloth, the braid, and the cord are excluded from these entireties, we are unable to ascertain from the record whether the remaining entireties are in chief value of wool or of wood. The classification of the imported articles, therefore, depends upon the development of the facts as to said cloth, braid, and cord. In addition, it will be observed that there is no proof in the record as to the weight of the fawn-colored cloth, so that its classification may be properly determined if separately classifiable as between said paragraph 1108 and paragraph 1109.

Inasmuch as the case was tried in the court below upon the theory that if the merchandise in question was not properly classified as entireties it was classifiable as claimed by the appellant, and the failure of proof as to the weight, character, and condition of the fawn-colored cloth, the braid, and the cord not having been raised by the Government, the court is of opinion that justice will be best served by *remanding* the case to the United States Customs Court for a new trial in view of the suggestions we have herein made.

The judgment of the United States Customs Court is *reversed* and the cause is *remanded*.