(C. D. 195)

GEO. S. BUSH CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 31, 1939)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of Seattle, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of cast-malleable iron pipe fittings imported from Japan. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable either at 20 or 25 per centum ad valorem under the following provisions of paragraph 327 of said act:

PAR. 327. Cast-iron pipe of every description, and cast-iron fittings for cast-iron pipe, 25 per centum ad valorem; * * * castings and vessels wholly of cast iron, including all castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations, subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts; castings of malleable iron not specially provided for; * * * 20 per centum ad valorem * * *.

Samples of the imported merchandise were admitted in evidence as Collective Exhibit 1. In addition, the plaintiff offered in evidence the testimony of E. S. Grinstein, sales manager in the employ of Dulien Steel Products, Inc., of Seattle, the ultimate consignee and the real importer herein. He testified that his company imported and dealt in cast-malleable iron fittings; that the articles represented by Collective Exhibit 1 were described in the invoices as sockets but in the trade were called couplings; that they were made of cast-malleable iron; that after being cast the rough edges were removed from the outside and the couplings threaded; and that he knew of no use for said articles other than as couplings for gas, water, air, or steam pipes.

On cross-examination he testified that the articles in question were not fittings for cast-iron pipe.

At this juncture, counsel for the plaintiff formally abandoned the claim in the protest that said articles were cast-iron fittings for cast-iron pipe.

The witness then testified that a casting was something which was cast in a mold; that the merchandise at bar consists of malleable iron but was not a casting, although it may originally have been cast; and that in its condition it is a coupling composed of malleable iron.

On redirect examination the witness testified that the imported articles were castings that had been chiseled, drilled, machined, or otherwise advanced in condition by operations subsequent to the casting process; and that their only use was to couple pipes together.

The Government offered in evidence the testimony of J. H. Angevine, assistant manager of the Crane Co. of Seattle, manufacturers of and jobbers in valves, fittings, and heating and plumbing materials. He testified that he had seen merchandise similar to Exhibit 1 manu-

factured, and that he had sold such merchandise; that in his opinion the articles comprising said merchandise were not castings but fittings; that if they were not threaded by a machine process they would be blanks or incomplete fittings.

On cross-examination he testified that the articles in question were originally cast in the foundry; that when they were subsequently processed they ceased to be castings and became fittings; and that having been finished and threaded they became finished articles, to wit: couplings.

Upon this record counsel for the plaintiff, in their brief filed herein, contend that since the imported articles of cast malleable iron were advanced beyond the casting stage as a result of having been threaded by machine, they are properly dutiable under the provision in paragraph 327 for "castings of iron   *   *   *   which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts," citing in support of such contention the case of *United States* v. *Grinnell Co.*, 16 Ct. Cust. Appls. 255, T. D. 42844.

We have carefully read the decision in that case and find it has no application to the instant merchandise, for the reason that it is uncontradicted that the instant merchandise is composed of cast malleable iron, which was not true of the merchandise in the cited case.

Moreover, that case arose under the Tariff Act of 1913, which, like the Tariff Acts of 1922 and 1930, contained a separate provision for castings of malleable iron. But it is significant that in that case the appellate court eliminated from its quotation of paragraph 125 of the 1913 law all reference to malleable iron castings, which, of course, evidences the fact that such castings were not there in issue. The issue there decided involved merely the question of the competing provisions of manufactures of metal not specially provided for and those covering castings of iron, but not of malleable iron. Therefore, the present question is entirely different from that decided in the *Grinnell* case, *supra*.

In the earlier case of *C. B. Richard & Co.* v. *United States*, T. D. 33787–G. A. 7500, 25 Treas. Dec. 250, which arose under the Tariff Act of 1909, this court had before it the question of the dutiable classification of certain so-called presser feet, which were parts of sewing machines, and which were described as castings of malleable iron machined and nickel-plated, and which were held to be dutiable at the rate of 45 per centum ad valorem under paragraph 199 of said act as manufactures of metal not specially provided for. It was claimed that said merchandise was properly dutiable as castings under paragraphs 147 and 148 of said act, the pertinent provisions of which read as follows:

147. Cast-iron andirons, plates, stove plates, sadirons, tailor's irons, hatter's irons, and castings and vessels wholly of cast iron, eight-tenths of one cent per pound. All castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles, shall pay two-tenths of one cent per pound more than the rate imposed upon the castings of iron and cast-iron plates hereinbefore provided for.

148. Castings of malleable iron not specially provided for in this section, seventenths of one cent per pound.

In affirming the decision of the collector classifying the involved articles under paragraph 199 the court said:

It remains to be determined whether such advanced forms of malleable-iron castings would properly find classification under paragraph 147. We think not. In our opinion the chiseled, drilled, machined, or otherwise advanced castings, such as are provided for in paragraph 147, are only such as are of cast iron as distinguished from malleable iron. This is made clear, as we view the issue, by the wording of that paragraph, viz: Two-tenths of one cent per pound *more duty* than the rate imposed upon the castings of iron and cast-iron plates *hereinbefore provided for.* The express mention of a particular variety of casting, such as of malleable iron as opposed to "cast" iron, and the separate provisions made therefor, would preclude the classification of castings of malleable iron under the provisions of paragraph 147, and we so hold. The limitation specifying articles "hereinbefore provided for" certainly cannot include any article thereafter provided for.

Counsel for the plaintiff also cited in support of their contention the comparatively recent case of *Mitsubishi Shoji Kaisha, Ltd.* v. *United States*, T. D. 49226, 72 Treas. Dec. 500, in which the involved merchandise consisted of cast-malleable fittings for cast-iron pipe. It was held to be dutiable under the *eo nomine* provision in paragraph 327 of the Tariff Act of 1930 for cast-iron pipe of every description and cast-iron fittings for cast-iron pipe.

We would regard that case as here controlling, if the facts there and here were precisely the same. Unfortunately, however, the record herein discloses that not only did counsel for the plaintiff formally abandon in open court his claim lodged under the provision for cast-iron pipe of every description and cast-iron fittings for cast-iron pipe, but the plaintiff's only witness specifically testified that the merchandise herein did not consist of cast-iron fittings for cast-iron pipe.

On the established facts and the law applicable thereto we hold that the cast-malleable iron couplings constituting the imported merchandise herein are not properly classifiable under any of the provisions of paragraph 327 of the Tariff Act of 1930, and, not being elsewhere specifically provided for, are properly dutiable under the residuary provisions of paragraph 397 of said act covering articles in chief value of metal not specially provided for, as classified by the collector.

All claims of the plaintiff are therefore overruled, and judgment will be rendered accordingly.