COLUMBIA MALLEABLE CASTINGS CORP. *v.* UNITED STATES (No. 4424)[1]

---

[1] C. A. D. 243.

United States Court of Customs and Patent Appeals, June 1, 1943

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for appellant.
*Paul P. Rao*, Assistant Attorney General (*Sybil Phillips*, special attorney, of counsel) for the United States.

[Oral argument April 7, 1943, by Mr. J. Stuart Tompkins and Mr. Rao]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, holding certain galvanized malleable iron castings, imported into the United States from Canada, dutiable as articles composed of base metal not specially provided for at 45 per centum ad valorem, under paragraph 397 of the Tariff Act of 1930, as assessed by the collector at the port of Buffalo, N. Y., rather than as castings of malleable iron not specially provided for at 20 per centum ad valorem, under paragraph 327 of that act, as claimed by the importer, appellant. It was also claimed by appellant, although the claim is not seriously pressed here, that the merchandise is dutiable as "castings of iron" at 10 per centum ad valorem under paragraph 327, as modified by the trade agreement with Canada, T. D. 49752, 74 Treas. Dec. 236, 244.

The pertinent parts of paragraphs 397 and 327 read:

PAR. 397. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

PAR. 327. Cast-iron pipe of every description, and cast-iron fittings for cast-iron pipe, 25 per centum ad valorem; cast-iron andirons, plates, stove plates, sadirons, tailors' irons, hatters' irons, but not including electric irons, and castings and vessels wholly of cast iron, including all castings of iron or cast-iron plates which have been chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts; castings of malleable iron not specially provided for; * * * 20 per centum ad valorem * * * .

It will be observed that paragraph 327 provides, among other things, for *"castings * * * of cast iron,"* including such as have been "chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles, or parts thereof, or finished machine parts," and for *"castings of malleable iron not specially provided for."* [Italics ours.]

The facts in the instant case are not in dispute.

It appears from the record that the merchandise here involved consists of malleable iron castings, galvanized; that after the castings are annealed and made malleable, they are subjected to the galvanizing, or zinc-coating process; that the purpose of the galvanizing process is to prevent rusting; that malleable castings which have not been galvanized are known as "black" malleable castings; that galvanized malleable castings, being rustproof, are worth more and cost more than black malleable castings; that, in order to make castings of malleable iron, whether or not galvanized, into "pipe fittings" or "finished fittings ready for use," the castings must be chamfered and threaded; that the chamfering and threading operations increase the cost of the articles to the manufacturer about 20 per centum, and to the trade from 40 to 50 per centum; and that the finished pipe fittings are sold in this country by the piece, whereas the castings, before being subjected to the chamfering and threading operations, are sold by the pound.

The trial court, apparently relying upon our decisions in the cases of *Dulien Steel Products, Inc., et al.* v. *United States*, 27 C. C. P. A. (Customs) 285, C. A. D. 102, and *Green Kay Corporation, et al.* v. *United States*, 29 C. C. P. A. (Customs) 216, C. A. D. 193, as controlling of the issues in the instant case, held that, as the involved articles had been galvanized after they had been cast and made malleable by an annealing process, they were not "castings of malleable iron" within the purview of paragraph 327, *supra*, but were *castings of malleable iron which had been advanced in condition by a process subsequent to the casting and annealing processes.* In so holding, the court stated that the galvanizing process was "analogous to plating the article," and that "it would not do to say that a plated casting was contemplated by the provision" for "castings of malleable iron," contained in paragraph 327.

In the case of *Dulien Steel Products, Inc., et al.* v. *United States, supra,* this court held that "cast malleable-iron threaded couplings, sleeves, or fittings," ready for use for their intended purpose as "couplings, sleeves, or fittings," were not dutiable as "castings of iron * * * advanced in condition by processes or operations subsequent to the casting process but not made up into articles" within the purview of paragraph 327, *supra*, because the Congress distinguished

in that paragraph between *ordinary castings of iron,* which, according to our decision in the case of *United States* v. *Grinnell Co.,* 16 Ct. Cust. Appls. 255, T. D. 42844, included finished "fittings," such as "tees, elbows, joints, etc., of various sizes," and *castings of malleable iron* not specially provided for, and did not intend to include in the provision for "castings of malleable iron" so-called "castings of *malleable iron*" which had been converted by a threading process into finished fittings ready for use. [Italics not quoted.]

In the case of *Green Kay Corporation, et al.* v. *United States, supra,* it was held that "malleable cast-iron pipe fittings in the form of elbows, tees, and couplings" were not dutiable as "castings of malleable iron not specially provided for" within the purview of paragraph 327, *supra,* because, it was stated:

\* \* \*. They are not only castings, but they are castings *which have become fittings ready to use,* even though they have not been finished into some other articles in the sense of the holding in the *Grinnell* case. [*United States* v. *Grinnell Co.,* 16 Ct. Cust. Appls. 255, T. D. 42844]. Congress used no language which prescribes the character of advancement of such castings as fall within the provision for *castings of malleable iron,* although it had done so with regard to ordinary cast-iron castings in the preceding clause. If it had intended castings of malleable iron which became *finished fittings* to be dutiable under the provision for castings of malleable iron, it seems it would have expressly so stated. [Italics not quoted.]

We further stated:

\* \* \* we are constrained to hold and do hold that the term "castings of malleable iron" was never intended to include anything but castings which *had not been finished into fittings ready to use, as have been the ones at bar.* [Italics supplied.]

The articles involved in the *Green Kay Corporation, et al.* case, *supra,* had been galvanzied and *threaded.* Had they not been *threaded,* they would not have been "finished into fittings ready to use." The involved articles have not been threaded and, therefore, have not been so advanced that they have become "fittings." Accordingly, the decisions in the cases hereinbefore referred to are not controlling of the issue in the instant case.

The arguments presented here by counsel for the parties and the authorities cited in support of their respective views have been given careful consideration. The precise issue before us in the instant case was not presented and, of course, was not decided in any of the cases cited in the briefs of counsel. However, in the case of *Byrnes & Lowery* v. *United States,* T. D. 32506, 22 Treas. Dec. 806, decided May 9, 1912 (not cited by counsel for either of the parties), the Board of General Appraisers (now the United States Customs Court) held certain "galvanized date nails" having, as the board stated, "a broad, flat head on which a date is cast," which are "used by railroads, telegraph, and telephone builders to give the date of construction and erection of poles, ties, etc.," dutiable as manufactures of metal not

specially provided for at 45 per centum ad valorem, under paragraph 199 of the Tariff Act of 1909, as assessed by the collector, rather than as "castings of malleable iron not specially provided for," under paragraph 148 of that act. In so holding, the court said:

These nails are cast-iron articles made malleable by subjecting them to a continued red heat and thereafter allowing them to cool slowly. This annealing process is the ordinary method by which the hardness or brittleness of the cast iron is withdrawn, and the resultant product is a casting of malleable iron. The nails are further advanced by a process of galvanizing or plating with zinc. The only question in the case is whether the galvanizing or plating of these nails takes them out of the class of articles provided for as "castings of malleable iron." There has been uniformity in rulings of this board and *the courts confining the scope of the term "castings" to such articles of metal as are not manipulated or advanced by labor bestowed subsequent to the process of casting.* This view is strengthened when it is noted that in paragraph 147 special provision is made for advanced forms of iron castings upon which two-tenths of 1 cent per pound more duty is provided than on other forms of iron castings therein provided. If the galvanizing were a mere process incidental to the general foundry work, we might view the date nails as a casting of malleable iron and nothing more. This, however, is plainly not the case. *The plating with zinc is an independent and additional process which advances the articles beyond the condition of castings, and we are thus constrained to hold that they enter into another class of manufactures of iron* for which classification may be found under paragraph 199, as assessed. [Italics not quoted.]

It will be observed that it was held in that case that the galvanizing of the malleable iron castings so advanced the articles that they were no longer "castings of malleable iron" within the purview of paragraph 148 of the Tariff Act of 1909.

Prior to the decision in the *Byrnes & Lowery* case, *supra*, it had been repeatedly held that castings of iron, which had been machined subsequent to the casting process, lost their identity for tariff purposes as castings of iron, and became dutiable as manufactures of metal. See *United States* v. *Leigh & Butler*, 4 Ct. Cust. Appls. 304, 307, T. D. 33517. However, in paragraph 147 of the Tariff Act of 1909 it was provided for the first time that "castings of iron," which had been "chiseled, drilled, machined, or otherwise advanced in condition by processes or operations subsequent to the casting process but not made up into articles," should be dutiable as castings of iron, advanced in condition. The rate of duty provided for such castings was higher than that provided in that paragraph for castings of iron which had not been advanced in condition by processes subsequent to the casting operation. See *United States* v. *Leigh & Butler*, *supra*.

The Congress is presumed to have had knowledge of the decision in the case of *Byrnes & Lowery* v. *United States*, *supra*, at the time of the enactment of paragraph 125 of the Tariff Act of 1913 in which it provided for castings of iron not advanced and for castings of iron advanced, as well as for "castings of *malleable* iron not specially provided for in this section" at the same rate of duty. [Italics ours.] Furthermore, at the time of the enactment of paragraph 327 of the

Tariff Act of 1922 which, so far as the issues here are concerned, is the same as paragraph 125 of the Tariff Act of 1913, the Congress was advised of the decision in the case of *Byrnes & Lowery* v. *United States, supra.* See Summary of Tariff Information, 1920, page 211. Paragraph 327 of the Tariff Act of 1930, so far as the issues here are concerned, is the same as paragraph 327 of the Tariff Act of 1922. Accordingly, it must be presumed that the construction placed upon the provision for "castings of malleable iron not specially provided for," contained in paragraph 148 of the Tariff Act of 1909, in the case of *Byrnes & Lowery* v. *United States, supra,* met with the approval of the Congress. The doctrine of legislative approval of judicial construction is, therefore, applicable to the issue in the instant case. *United States* v. *Bassichis Co. et al.,* 16 Ct. Cust. Appls. 410, 414, T. D. 43133; *E. E. Kelly & Co.* v. *United States,* 17 C. C. P. A. (Customs) 30, 33, T. D. 43322.

Relative to the claim of counsel for appellant that the involved articles are dutiable at only 10 per centum ad valorem under paragraph 327, *supra,* as modified by the trade agreement with Canada, it is sufficient to say that the trade agreement, so far as paragraph 327 is concerned, relates only to the provisions for cast-iron andirons, etc., and castings of iron advanced in condition "but not made up into articles, or parts thereof, or finished machine parts," and does not relate to the provision here in question, that is, "castings of malleable iron not specially provided for."

For the reasons stated, we are of opinion that the merchandise here in question is not dutiable as castings of malleable iron under paragraph 327, *supra,* but that it was properly assessed by the collector at 45 per centum ad valorem as articles composed of base metal not specially provided for under paragraph 397, *supra,* as held by the trial court.

The judgment is *affirmed.*