UNITED STATES *v.* SCHEUER & Co. (No. 1045).[1]

FEATHER DUSTERS—TOYS.

These articles fall within the terms of paragraph 423, tariff act of 1909, as "feather dusters of all kinds"; and as it does not appear they are adapted to use by children any more than by grown people on gala days, and further, there being no proof of a commercial designation of toys, the importers must be taken to have failed in showing the collector's classification was erroneous.—Illfelder *v.* United States (1 Ct. Cust. Appls., 109; T. D. 31115).

United States Court of Customs Appeals, February 18, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29881 (T. D. 32842).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Charles D. Lawrence,* special attorney, on the brief), for the United States.

*John Giblon Duffy* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal of the United States from a decision of the board reversing the action of the collector of customs at the port of New York. The importation in question consists of small feather dusters 18 to 20 inches in length. The handles are apparently bamboo, and on the end is a loop by which the articles may be hung up when not in use. The collector assessed the merchandise for duty at the rate of 40 per cent ad valorem, under paragraph 423 of the act of 1909, which reads:

Brushes, brooms, and feather dusters of all kinds, and hair pencils in quills or otherwise, forty per centum ad valorem.

The board, having before it no other testimony than the special report of the local appraiser and the samples, held the articles properly dutiable as toys at the rate of 35 per cent ad valorem under paragraph 431 of said act, which reads as follows:

Dolls, and parts of dolls, doll heads, toy marbles of whatever materials composed, and all other toys, and parts of toys, not composed of china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for in this section, thirty-five per centum ad valorem.

The board in deciding the case states that the official samples shown are miniature feather dusters similar to those the subject of Abstract 24056, and therein held to be toys. In the case referred to the board said:

The evidence shows that such miniature dusters are used as "ticklers," or, in other words, as articles for amusement on carnival and other like occasions. An examination of the official samples leads us to the conclusion that they are not articles of utility and that whatever value they have must be as playthings.

If it were necessary to rest the case upon the proposition, we would hesitate to say that the presumption that this article is an article of

---

[1] Reported in T. D. 33224 (24 Treas. Dec., 313).

some utility has been overcome by the proof afforded by a bare inspection of the official sample. But, conceding that its sole use is that of a tickler used for amusement on carnival and other like occasions, it would come directly within the ruling of this court in Illfelder v. United States (1 Ct. Cust. Appls., 109; T. D. 31115), in which it was said:

> Although an article may be chiefly used for the amusement of children, if its nature and character are such that it is also reasonably fitted for the amusement of adults, or if it is reasonably capable of use for some practical purpose other than the amusement of children, it can not be classed as a toy unless it is affirmatively shown by the importer that it is so known and designated by the trade generally.

In this case there was no proof that the articles are commercially known as toys. See also United States v. Strauss (136 Fed., 185) and Hamburger v. United States (2 Ct. Cust. Appls., 234; T. D. 31956). The importation falls within the terms of paragraph 423 as "feather dusters of all kinds," and as it is not shown by any testimony in the record, and as we are not able to find from inspection that they are adapted to use as ticklers by children any more than by grown people on gala days, and as there is no proof of commercial designation, we must hold that the importer failed to sustain the burden of showing the classification of the collector to be in error, and it results that the decision of the board must be *reversed*.