BORGFELDT & CO. *v.* UNITED STATES (No. 2083).[1]

PAPER TRAYS—ENTIRETIES—EVIDENCE, SUFFICIENCY.

Decorated porcelain toy tea sets and paper trays were imported together. There were more trays than tea sets, and the evidence showed that sometimes the trays were sold with the tea sets and sometimes they were sold alone. The trays are of such size and manufacture as to preclude their classification as toys. The trays and the tea sets should not have been classified together as entireties dutiable as toys in chief value of decorated porcelain under paragraph 80, tariff act of 1913. The trays are a separate entity. The examiner's report that they were paper trays and the testimony that they were made of pressed paper soaked in glue establishes their proper classification as manufactures of paper under paragraph 332.

## United States Court of Customs Appeals, June 1, 1921.

APPEAL from Board of United States General Appraisers, Abstract 44018.

[Reversed.]

*Thomas J. Doherty* for appellants.

*Bert Hanson*, Assistant Attorney General (*John J. Mulvaney*, special attorney, of counsel) for the United States.

[Oral argument May 5, 1921, by Mr. Doherty and Mr. Mulvaney.]

Before SMITH, BARBER, and MARTIN, Judges; DE VRIES, Judge, participating in the decision by agreement of counsel.

SMITH, Judge, delivered the opinion of the court:

Decorated porcelain toy tea sets and paper trays, imported at the port of Seattle, Wash., were classified by the collector of customs as entireties and assessed for duty at 55 per cent ad valorem under paragraph 80 of the tariff act of 1913, as toys in chief value of decorated porcelain. The part of paragraph 80 under which the importation was assessed, reads as follows:

PAR. 80. China and porcelain ware * * * toys * * * and all other articles composed wholly or in chief value of such ware, if * * * painted * * * or decorated in any manner and manufactures in chief value of such ware not specially provided for in this section, 55 per centum ad valorem.

The importers protested that the porcelain tea sets and trays were not entireties and that the paper trays should not have been classified as decorated porcelain dutiable at 55 per cent ad valorem, but as manufactures of paper or of which paper is the component material of chief value, dutiable at 25 per cent ad valorem under paragraph 332, or at the same rate as manufactures of papier-mâché under paragraph 369. The parts of the paragraphs upon which the importers relied are as follows:

PAR. 332. Papers * * * and all papers and manufactures of paper or of which paper is the component material of chief value not specially provided for in this section, 25 per centum ad valorem.

PAR. 369. Manufactures of mother-of-pearl * * * *papier-mâché* * * * or of which these substances or any of them is the component material of chief value * * * 25 per centum ad valorem.

[1] T. D. 38750.

The Board of General Appraisers declined to determine whether the porcelain toy tea sets and trays were entireties, but held that the assessment of the collector must stand inasmuch as there was no evidence establishing the component material in chief value and consequently no evidence which would warrant the board in holding that the trays were provided for in any of the paragraphs upon which the importers relied in their protests.

The testimony showed without contradiction that the number of trays packed in each case was greater than the number of tea sets and that, although tea sets were sold with trays, they were also sold without trays and the trays were sold without tea sets. It is perfectly apparent from this evidence that tea sets as well as trays were bought and sold as separate distinct commercial entities and that the tea sets were complete without the trays and the trays complete without the tea sets.

There may be tea sets and trays so manufactured and identified one with the other that neither would be complete without the other. The tea sets and trays under consideration, however, are manifestly not of that character.

The tea sets here in issue are toy tea sets made of porcelain. The trays, which are made by pressing paper soaked in glue, are of such size and manufacture that they are fit for use as ordinary trays and are therefore clearly not toys or playthings designed for the use of children alone. True, they might be used by children to hold or display the tea set, but that is not enough to make of them a toy.— Illfelder v. United States (1 Ct. Cust. Appls., 109; T. D. 31115); Cattus et al. v. United States (4 Ct. Cust. Appls., 9–10; T. D. 33198); United States v. Scheuer & Co. (4 Ct. Cust. Appls., 37; T. D. 33224); Illfelder & Co. v. United States (7 Ct. Cust. Appls., 53–55; T. D. 36311). In material, construction, and use the trays have an individuality peculiarly their own, and in none of those particulars can it be said that they are so identified with the tea sets as to make the trays part of a completed whole. In short, as one of the articles is a toy and the other is not, neither can be said to be an integral part of the other.

The tea sets and trays are therefore in our opinion not entireties and should not have been so assessed.

The only point in the case which merits serious consideration is whether there is in the record evidence sufficient to establish that the trays are manufactures of paper or manufactures in chief value of paper within the meaning of paragraph 332.

The collector of customs is the classifying officer, and that he may classify merchandise it is necessary for him to be informed as to its nature and character. That he may know what the merchandise is, the Treasury regulations require that the examiners of merchan-

dise under the supervision of the appraiser shall in their return "so describe the merchandise that the rate of duty chargeable thereon may be determined by the collector" (art. 1124, Customs Regulations, 1915.)

The rate and amount of duty to be assessed on the tea sets and trays, and whether they were assessable separately or as entireties, was for the collector to decide. That decision could not, of course, be made without a description of the articles involved, and as the officer charged with the duty of furnishing the description reported that the tea sets were made of porcelain and that the trays were paper trays, it must be assumed that the trays were of the character reported, especially as the uncontradicted testimony definitely establishes that they were made of pressed paper soaked in glue. Indeed, the collector did not question the nature of the goods as *separate entities* and took issue with the importers as to nothing except their status as entireties.

The trays, therefore, for the purposes of this case, must be regarded as articles so predominantly of paper that they are entitled to the designation of paper trays, and as paper trays are beyond dispute manufactures of paper, it is evident that they come within that tariff designation, unless, with the tea sets, they constitute an entirety which we have held was not the fact.

If the provision for manufactures of paper in paragraph 332 were brought into competition with a provision for manufactures of glue or in chief value of glue, the conclusion reached by the board might be more appealing, and although with such a provision for glue, the name "paper tray" and the doctrine of predominant material might give ground for considerable debate. There is no provision, however, in the tariff for manufactures of glue or for manufactures in chief value of glue (par. 34), and as for lack of such a provision the trays could not be so classified, it is clear that they are dutiable under paragraph 332, the only provision of the tariff act which aptly describes them.

We hold, first, that the toy tea sets and trays are not entireties and that they are assessable as separate entities; second, that the testimony in the case and the report of the appraiser justifies the conclusion that the trays are manufactures of paper and subject to the duty imposed by paragraph 332.

The decision of the board is therefore *reversed.*