(C. D. 407)

Wм. Adams, Inc., v. United States

United States Customs Court, Second Division

(Decided December 9, 1940)

Plaintiff not represented by counsel.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard E. Fitz-Gibbon,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted upon a particular importation consisting of metal trays each containing five glass dishes, two metal spoons or servers, and two metal forks. On all of the articles, except the forks, duty was levied at the rate of 50 per centum ad valorem under paragraph 339 of the Tariff Act of 1930 as household utensils plated with silver. On the forks duty was levied at the rate of 16 cents each plus 45 per centum ad valorem under the *eo nomine* provision therefor in paragraph 355 of said act. It is claimed that all of said articles constitute an entirety and should have been treated accordingly by the collector, and assessed with duty at the rate of 50 per centum ad valorem under said paragraph 339 as table or household utensils plated with silver.

The plaintiff was not represented by counsel. A sample of the merchandise was admitted in evidence as collective exhibit 1, and certain customers' orders and invoices were admitted as collective exhibits 2 and 3, respectively.

In addition to the exhibits, the plaintiff offered in evidence the testimony of Evelyn Bregstein, the secretary of the plaintiff-corporation, who testified that the 96 forks herein, which were separately assessed with duty by the collector, were imported as part of a unit consisting of a silver-plated frame, 5 glass dishes, and 4 servers, all entered as a unit as household utensils under paragraph 339 of the Tariff Act of 1930; that the servers formed an integral part of the dish

specially constructed, not of ordinary construction, and not suitable for any purpose except as servers with this particular dish; and that each silver-plated frame, with its 5 glass dishes and 4 servers, was always imported and sold as an entirety.

Upon this record it is manifest that the collector erred in treating the merchandise exclusive of the forks as an entirety. In our opinion each and every one of the articles involved is a separate entity and should be classified accordingly.

It has been well settled in customs law that to constitute an entirety for tariff purposes a combination of two or more articles must be so joined together or merged that the whole creates a new and distinct article with a new name and use. *Isaac v. Jonas*, 148 U. S. 648; *United States v. Auto Import Co.*, 168 Fed. 242; *Park & Tilford v. United States*, 1 Ct. Cust. Appls. 34, T. D. 31006; *Knauth v. United States*, 1 Ct. Cust. Appls. 422, T. D. 31499; *Jackson Co. v. United States*, 2 Ct. Cust. Appls. 475, T. D. 32227; *United States v. Haaker*, 4 Ct. Cust. Appls. 508, T. D. 33935; *Altman v. United States*, 13 Ct. Cust. Appls. 315, T. D. 41232; *Salemi & Sons v. United States*, 19 C. C. P. A. 43, T. D. 44892; *United States v. Miyaka*, 22 C. C. P. A. 38, T. D. 47039; *Yardley v. United States*, 22 C. C. P. A. 390, T. D. 47400; and *United States v. Woolworth*, 23 C. C. P. A. 365, T. D. 48212.

Where articles are designed to be used together but are separate, distinct, and complete in themselves, they are not to be regarded for tariff purposes as entireties, because they do not merge so as to form a new and distinct article of commerce having a different character and use, or because neither is essential to the completeness of the other or bears a natural affinity or relation one to the other. *Borgfeldt v. United States*, 11 Ct. Cust. Appls. 105, T. D. 38750; *United States v. Kalter*, 11 Ct. Cust. Appls. 540, T. D. 39680; *Lord & Taylor v. United States*, G. A. 6942, T. D. 30140, 18 Treas. Dec. 324; *Coty Processing Co., Inc. v. United States*, 23 C. C. P. A. 117, T. D. 47768; *United States v. Hensel, Bruckmann & Lorbacher, Inc.*, 22 C. C. P. A. 281, T. D. 47330.

In the case of *Sheldon & Co. v. United States*, 14 Ct. Cust. Appls. 108, T. D. 41591, the merchandise consisted of blank books and lead pencils, each book being fitted with a loop to hold a pencil. They were classified for duty separately, the books as blank books, and the pencils as pencils. The importer claimed they were properly dutiable as an entirety, but this court overruled the protest, and the Court of Customs Appeals in affirming said decision said:

Whether attached to the books or entirely separated therefrom, the lead pencils remain lead pencils and retain their separate character, name, and use. The blank books retain their essential character, name, and use, whether the lead pencils are attached thereto or entirely separated therefrom. They are, therefore, separate entities, and dutiable as such.

In the case of *United States* v. *John Wanamaker, Philadelphia, Inc.*, 20 C. C. P. A. 367, T. D. 46132, the merchandise consisted of women's leather hand bags, fitted with mirror, purse, and strap watch. The small watch was attached at each of its ends to straps, which straps were in turn attached rather tightly to the sides of the bag. The collector classified the bag and watch as separate articles, and the importer claimed them to constitute an entirety.

In that case, as in the instant case, the merchandise was assembled as a unit and after importation always sold as such, the watch never being removed from the bag and sold separately. The court in holding the bag and watch not to be entireties said:

\* \* \* There is no natural affinity or relation between a leather hand bag and a watch. Neither is normally essential to the completeness of the other.

\*       \*       \*       \*       \*       \*       \*

Here we have three distinct entities, to wit, a bag or pocketbook, in chief value of leather; watch movements; and watch case, for each of which *eo nomine* provision is made in separate paragraphs of the Tariff Act of 1930.

. The fact that they were assembled into a unit and so imported has not caused any part to lose its identity or its normal use.

It is manifest that in the instant case the forks, the so-called servers, the glass dishes, and the silver-plated tray are each separate and distinct entities, each complete in itself, and that they should be so treated for tariff purposes. We therefore hold as a matter of law that the forks are properly dutiable as such at the rate of 16 cents each and 45 per centum ad valorem under said paragraph 355, as classified by the collector. The remaining articles are properly classifiable as follows: The silver-plated tray and so-called servers, at the rate of 50 per centum ad valorem under said paragraph 339 as household utensils or table utensils plated with silver; and the glass dishes, at the appropriate rate of duty under the proper provision therefor in paragraph 218 of said act. However, since the proper claim has not been alleged by the plaintiff, the collector's decision, even though erroneous, must nevertheless stand as to the glass articles.

Judgment will be rendered accordingly.