(C. D. 1222)

W. A. Force & Co., Ltd. *v.* United States

United States Customs Court, Second Division

(Decided March 16, 1950)

*Barnes, Richardson & Colburn* (*Eugene F. Blauvelt* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Richard H. Welsh* and *Chauncey E. Wilowski*, special attorneys), for the defendant.

Before Lawrence and Ford, Judges; Rao, J., not participating

Lawrence, Judge: This cause of action presents for our determination the proper classification under the Tariff Act of 1930 of certain articles invoiced as "112 HC fount sets" imported from England.

The merchandise in controversy was classified by the collector of customs at New York as entireties and placed within the provision of paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397) for articles or wares not specially provided for, composed wholly or in chief value of metal, duty being assessed thereon at the rate of 45 per centum ad valorem.

The principal contention of plaintiff is that the fount sets should not have been classified as entireties but under the provisions of said tariff act for the various articles comprising each set, namely, that the 112 steel type pieces are dutiable as new types at 30 per centum ad valorem under paragraph 388 (19 U. S. C. § 1001, par. 388), the holder at 45 per centum ad valorem under paragraph 397, *supra*, the pair of metal tweezers at 60 per centum ad valorem under the *eo nomine*

provision therefor in paragraph 354 (19 U. S. C. § 1001, par. 354), the metal wrench at 45 per centum ad valorem under the *eo nomine* provision therefor in paragraph 396 (19 U. S. C. § 1001, par. 396), and the wooden box at 33⅓ per centum ad valorem in paragraph 412 (19 U. S. C. § 1001, par. 412) as manufactures of wood, not specially provided for.

A stipulation of fact was entered into by counsel for the respective parties and filed with the court, and is here set forth:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the imported merchandise described on the invoice as 112 H C fount sets and assessed with duty at 45% ad val. under the provisions of Par. 397, Tariff Act of 1930, is correctly represented by the accompanying article marked Illustrative Exhibit A.

1. It is further stipulated that the articles imported as represented by the sample Illustrative Exhibit A consist of a wooden box approximately 5¾″ x 6¾″ x 1½″ containing:

   (a) 112 steel pieces, 100 of which have on one end either letters of the alphabet, punctuation marks or numerals. The other twelve pieces are smooth on both ends.

   (b) a pair of metal tweezers,

   (c) one metal holder,

   (d) one metal wrench.

2. The appraised unit value of the imported merchandise was £6-0-0 plus packing. Of this amount the

| | |
|---|---|
| 112 steel pieces accounted for | £4-9-4, |
| the holder | £1-7-6, |
| the tweezers | £0-0-6, |
| the wrench | £0-0-6, |
| the wooden box | £0-2-2. |

3. In assembly the desired metal pieces are inserted in the holder by means of the tweezers and locked in place by the use of the wrench. Any combination of pieces may be inserted to suit the purpose of the user.

4. When used the metal pieces in the holder are held against the surface to be marked and the other end of the holder is struck with a hammer or mallet with sufficient force to impress the characters upon the surface. No ink is used.

When the case was called for hearing, the above stipulation was supplemented by the oral agreement of the parties that—

We are adding that Illustrative Exhibit A is sold in the United States in the condition as imported.

and the representative sample of the merchandise was received in evidence and marked plaintiff's illustrative exhibit A.

There being no dispute as to the facts of the case, we are presented here with a clear-cut question of law as to whether the fount sets in controversy are entireties for tariff purposes.

Numerous cases decided by this court and our appellate court have been cited by the parties in their briefs, all of which have been carefully examined and some of which will be referred to, *infra*.

As to what constitutes an "entirety" in the tariff sense, reference is made to the case of *United States* v. *John Wanamaker, Philadelphia, Inc.*, 20 C. C. P. A. (Customs) 367, T. D. 46132, wherein our appellate court had before it the question whether an importation described in the official report of the collector of customs as "Women's leather hand bag, fitted with mirror, purse and strap watch" comprised a unit and should be dutiable as such. The collector had classified the merchandise as though the bag and the watch were separate articles. The importer's contention that they constituted an entirety was sustained by the trial court. On appeal, however, that holding was reversed, our appellate court stating—

> Questions of entirety almost always present points of difficulty for adjudication, and this suit is no exception to that rule. However, considering the nature of these articles, we feel constrained to differ with the trial court as to their being entireties for tariff purposes. The completed article is obviously somewhat of a novelty, designed to meet, or perhaps to create, a fashion. *There is no natural affinity or relation* between a leather hand bag and a watch. Neither is normally essential to the completeness of the other. [Italics supplied.]

The trial court quoted from this court's opinion in the *Altman* case, *supra* [13 Ct. Cust. Appls. 315, T. D. 41232], as follows:

> * * * if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

This language is quite broad and, standing alone, might justify the application which the trial court made of it to the instant issue. But, after all, the pronouncement should be weighed and considered in connection with the merchandise there involved and the statutes there applicable. We there had before us "untrimmed cotton corsets" and "lace trimmings," imported in separate parcels but in the same general containers. The structure of the respective articles was such as that it was obviously intended they should be brought together in a finished product after importation. Each *was necessary to the other to produce a new article* satisfactory for eventual use. [Italics supplied.] There was a natural and essential connection between the two. For one at least of them there was no *eo nomine* provision in the Tariff Act of 1922 under which the importation was made.

Here we have three distinct entities, to wit, a bag or pocketbook, in chief value of leather; watch movements; and watch case, for each of which *eo nomine* provision is made in separate paragraphs of the Tariff Act of 1930.

The fact that they were assembled into a unit and so imported has not caused any part to lose its identity or its normal use.

The fact that there was "no natural affinity or relation" between a leather handbag and a watch and that when joined together they did not form a new and distinct article with a new name and use excluded the articles in controversy in the *Wanamaker* case, *supra*, from classification as entireties.

The principles set forth above from the *Wanamaker* case, *supra*, have flowed through the course of customs law and find concise expression in the case of *Wm. Adams, Inc.* v. *United States*, 5 Cust. Ct. 239, C. D. 407, from which no appeal was taken. In that case, the court, overruling the contention of plaintiff therein that metal trays each containing five glass dishes, two metal spoons or servers, and two metal forks constituted entireties, stated:

It has been well settled in customs law that to constitute an entirety for tariff purposes a combination of two or more articles must be so joined together or merged that the whole creates a new and distinct article with a new name and use. *Isaac* v. *Jonas*, 148 U. S. 648; *United States* v. *Auto Import Co.*, 168 Fed. 242; *Park & Tilford* v. *United States*, 1 Ct. Cust. Appls. 34, T. D. 31006; *Knauth* v. *United States*, 1 Ct. Cust. Appls. 422, T. D. 31499; *Jackson Co.* v. *United States*, 2 Ct. Cust. Appls. 475, T. D. 32227; *United States* v. *Haaker*, 4 Ct. Cust. Appls. 508, T. D. 33935; *Altman* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232; *Salemi & Sons* v. *United States*, 19 C. C. P. A. 43, T. D. 44892; *United States* v. *Miyaka*, 22 C. C. P. A. 38, T. D. 47039; *Yardley* v. *United States*, 22 C. C. P. A. 390, T. D. 47400; and *United States* v. *Woolworth*, 23 C. C. P. A. 365, T. D. 48212.

Where articles are designed to be used together but are separate, distinct, and complete in themselves, they are not to be regarded for tariff purposes as entireties, because they do not merge so as to form a new and distinct article of commerce having a different character and use, or because neither is essential to the completeness of the other or bears a natural affinity or relation one to the other. *Borgfeldt* v. *United States*, 11 Ct. Cust. Appls. 105, T. D. 38750; *United States* v. *Kalter*, 11 Ct. Cust. Appls. 540, T. D. 39680; *Lord & Taylor* v. *United States*, G. A. 6942, T. D. 30140, 18 Treas. Dec. 324; *Coty Processing Co., Inc.* v. *United States*, 23 C. C. P. A. 117, T. D. 47768; *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, 22 C. C. P. A. 281, T. D. 47330.

In the light of the above authorities on the doctrine of entireties as applied to the classification of imported merchandise, we are clearly of the opinion that the collector of customs erred in the present instance in classifying the "fount sets" in issue as entireties.

The 112 steel pieces, pair of tweezers, metal holder, and metal wrench, although packed together in the wooden box, and evidently so to remain during the life of the articles when not in use, just as would the tools in a carpenter's tool chest, are never merged or joined together so that the whole forms a new and distinct article of commerce having a different character and use.

In view of our conclusion that the fount sets in controversy do not constitute entireties in the tariff sense but that each of the articles

comprising the fount sets is separately dutiable, the further question presented is whether or not the 112 steel pieces contained in each of the sets come within the provision in paragraph 388, *supra*, for "new types," there being no controversy as to the proper classification of the other items.

No evidence has been offered to show a meaning for the term "new types" different from its common meaning, and, as was said by our appellate court in *Hummel Chemical Co.* v. *United States*, 29 C. C. P. A. (Customs) 178, C. A. D. 189, at page 183:

It is well established that in the interpretation of tariff laws words are to be taken in their commonly received and popular sense, or according to their commercial designation if that differs from the ordinary understanding of the word. *Lutz* v. *Magone*, 153 U. S. 105. * * *

and the court may take judicial notice of such common meaning. Therefore, reference has been made to the following lexicographic authorities for the common meaning of the word "type"—

Funk & Wagnalls New Standard Dictionary of the English Language (1942)—

type, n. * * * 6. *Print.* A piece or block of metal or of wood, bearing on its upper surface, usually in relief, a letter or character for use in printing; * * *.

printing, n. * * * 3. The act or process of reproducing a design upon a surface, as by making an impression from it on a suitable substance by any process; * * *.

Webster's New International Dictionary (1948)—

type, n. 1. The mark or impression of something; a distinctive stamp; sign; emblem.

* * * * * * *

17. *Print.* A rectangular block, usually of metal or wood, having its face so shaped as to produce, in printing, a letter, figure, or other character; * * *.

printing, n. 1. Act, art, or practice of impressing letters, characters, or figures on paper, cloth, or other material; * * *,

Audels Mechanical Dictionary (1942)—

Type.—1. A raised letter, figure, accent, or other character, cast in metal or cut in wood, used in printing.

Printing.—1. The act or process of making an impression or of marking anything by pressure.

That the types are "new," as required by said paragraph 388, is evident from an examination of the sample in evidence as part of illustrative exhibit A.

From the record and sample before us, as well as by reference to the dictionary meaning of the term, we have no hesitancy in holding that the 112 steel pieces which form a part of the fount sets in question are "new types" within the purview of paragraph 388, *supra*.

In the circumstances of the present case, therefore, we hold that the fount sets in issue are not entireties but are properly dutiable under the Tariff Act of 1930 at the rates applicable to the various components comprising each set, to wit, that the 112 steel type pieces are dutiable as new types at 30 per centum ad valorem under paragraph 388; the holder at 45 per centum as articles or wares not specially provided for, composed wholly or in chief value of metal, provided for in paragraph 397; the metal wrench at 45 per centum ad valorem under the *eo nomine* provision therefor in paragraph 396; and the wooden box at 33⅓ per centum ad valorem as manufactures of wood, not specially provided for, in paragraph 412. To that extent, the claim of the plaintiff is sustained.

As to the pair of metal tweezers which forms a part of each of the fount sets, since the *eo nomine* provision therefor in paragraph 354 of the Tariff Act of 1930 provides for a rate of duty of 60 per centum ad valorem, which is higher than the rate assessed, and in view of the doctrine enunciated in *George S. Fletcher* v. *United States*, 25 C. C. P. A. (Customs) 195, T. D. 49294, that an importer may not protest a rate of duty as being too low, the claim of the plaintiff as to the pair of tweezers which forms a part of each of the fount sets in controversy is overruled without affirming the classification of the collector. See also *Louisiana* v. *McAdoo*, 234 U. S. 627, and *Massachusetts* v. *Mellon*, 262 U. S. 447.

Judgment will be entered in accordance with the views above expressed.