(C. D. 1434)

HUGHES FAWCETT, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 26, 1952)

*Lane, Young & Fox* (*William Whynman* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

LAWRENCE, Judge:    This controversy concerns the proper dutiable classification of certain imported heel serts, so-called, together with nails and templates, packed in printed paper envelopes.

(1)

It is stated in the brief of defendant that "The envelope, the container of the merchandise, was by virtue of paragraph 1408, Tariff Act of 1930, assessed with duty (45%) at the rate applicable to the contents. The serts, nails and templates were classified as entireties and duty was assessed at 45 per centum ad valorem under paragraph 397, Tariff Act of 1930, as articles not specially provided for, composed wholly or in chief value of metal."

While the protest as originally drawn specifically claims that the importation should be treated as entireties and dutiable at 10 per centum ad valorem pursuant to the provisions of paragraph 327 of said act (19 U. S. C. § 1001, par. 327), as modified by the trade agreement between the United States and the United Kingdom, 74 Treas. Dec. 253, T. D. 49753, that claim is not pressed.

However, plaintiff contends as set forth in its brief that the articles are not entireties but are separately dutiable and by its protest, which was duly amended, invokes the following claims:

1. The heel plates are eo nomine provided for in the Trade Agreement with the United Kingdom (T. D. 49753), which modified Paragraph 327 of the Tariff Act of 1930, and are dutiable at 10 per centum ad valorem.

2. The nails are eo nomine provided for in Paragraph 331 and dutiable at 1½¢ per lb. under the provision "iron or steel nails, not specially provided for * * *."

3. The paper board (template) is eo nomine provided for in Paragraph 1413, and dutiable at 30 per centum ad valorem as "paper board * * * cut * * * into designs or shapes."

4. The envelopes are eo nomine provided for under Paragraph 1408, dutiable as paper not specially provided for, at 30 per centum ad valorem, under Paragraph 1409, and also subject to an additional duty of 5 per centum ad valorem under Paragraph 1408, as reduced by the Trade Agreement with the United Kingdom (T. D. 49753).

It is observed, however, that plaintiff in its amended protest claims that "the printed paper envelopes" are properly dutiable "at 40% under Paragraphs 1408 and 1409 of said Act" without reference to the trade agreement. This inaccuracy becomes of no consequence in view of our decision herein.

At the trial of the case, counsel for the respective parties submitted upon an oral stipulation which is set forth below. While it appears in the stenographic minutes in narrative form, it is set up in the brief of plaintiff as follows:

1. That the merchandise contained in Cases 29/31, which was assessed with duty at 45% under Paragraph 397, Tariff Act of 1930, consists of so-called "heel serts" imported in printed paper envelopes, each envelope containing 12 heel serts, 12 nails, and 1 paper board so-called template, and is represented by the sample submitted herewith marked "Collective Exhibit 1."

2. That the said heel serts are castings of malleable iron which are used in their imported condition solely as plates to attach to heels of boots and shoes so that the heels will wear down evenly.

3. That the said nails are made in one piece of steel wire and are less than 1 inch in length, and more than 65/1000 of 1 inch in diameter, and are not specially provided for; and that they are specially designed to be used together with the said heel serts in nailing them to the heels of boots and shoes.

4. That the said paper board templates consist of paper board cut into a shape or form, printed, and they are used for the sole purpose of marking the "V" of leather, or other material, to be cut out of the heels of boots or shoes in attaching the said serts thereto.

5. That the said paper envelopes which contain the items described in paragraphs numbered "2," "3," and "4," are made of paper, not specially provided for, and are printed, but not lithographed.

The imported merchandise is represented by exhibits 1 and 2 which are duplicate exhibits.

Although the parties have stipulated in paragraph 1, *supra,* that each envelope contains 12 heel serts and *12* nails, as well as a so-called template, it appears from an examination of said exhibits that each envelope contains 13 nails. However, in view of the conclusion we have reached in this case, we do not deem that discrepancy of vital concern.

Reduced to its simplest terms the question to be decided here is whether the articles in controversy are entireties. What constitutes an entirety for tariff purposes has been the subject of many controversies over the course of years. However, it has been fairly well settled as a general proposition that to constitute an entirety within the meaning of the tariff act, a combination of two or more articles must be so joined together or merged that the whole creates a new and distinct article with a new name and use. *Per contra,* as stated in the case of *Wm. Adams, Inc.* v. *United States,* 5 Cust. Ct. 239, C. D. 407:

Where articles are designed to be used together but are separate, distinct, and complete in themselves, they are not to be regarded for tariff purposes as entireties, because they do not merge so as to form a new and distinct article of commerce having a different character and use, or because neither is essential to the completeness of the other or bears a natural affinity or relation one to the other. *Borgfeldt* v. *United States,* 11 Ct. Cust. Appls. 105, T. D. 38750; *United States* v. *Kalter,* 11 Ct. Cust. Appls. 540, T. D. 39680; *Lord & Taylor* v. *United States,* G. A. 6942, T. D. 30140, 18 Treas. Dec. 324; *Coty Processing Co., Inc.* v. *United States,* 23 C. C. P. A. 117, T. D. 47768; *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.,* 22 C. C. P. A. 281, T. D. 47330.

In its brief, plaintiff, invoking the principle that "A sample is a potent witness," argues that the paper envelope has no "natural affinity or relation" to the heel plate and is merely a container; that the template provides a convenient method of marking off that portion of the heel where the plate is to be inserted and likewise has no natural relation or affinity to the plate or to its use.

With respect to the nails, it is contended that while they are made to be used in connection with the heel plates "no particular nail

must be used with any particular plate"; that the "plates and nails are used interchangeably not only with the plates and nails in the one particular envelope but each may be used with any other nail or plate out of stock," although there is nothing in the record to sustain this statement. It is observed, however, that paragraph 3 of the stipulation, *supra*, expressly states that the nails "are specially designed to be used together with the said heel serts in nailing them to the heels of boots and shoes."

The foregoing arguments are made by plaintiff to sustain its contention that the paper envelopes and their various contents are each separately dutiable, and reference is made by plaintiff to the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D 46851, wherein the court stated in the course of its opinion:

> The mere fact that two articles are designed and constructed to be used together, does not necessarily make either a part of the other.

Plaintiff further contends that the facts and the issue now before the court are analogous to those in the case of *W. A. Force & Co., Ltd.* v. *United States*, 24 Cust. Ct. 140, C. D. 1222. We there held that certain so-called "fount sets consisting of 112 steel type pieces together with a metal holder, a pair of metal tweezers, and a metal wrench, conveniently packed in a wooden box" were not dutiable as entireties but should be classified and subject to duty at rates applicable to the various components comprising each set.

In that case, we reviewed some of the leading authorities on the subject of entireties and quoted from the opinion of our appellate court in *United States* v. *John Wanamaker, Philadelphia, Inc.*, 20 C. C. P. A. (Customs) 367, T. D. 46132, in which it quoted from its earlier opinion in *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232, as follows:

> * * * if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

While there is plausible ground for arguing that the nails and the serts are entireties in view of the case of *F. L. Slazenger* v. *United States*, 39 Treas. Dec. 455, T. D. 38763, cited in defendant's brief, we find it unnecessary to decide that question here for the reason that, as will appear *infra*, we are not at liberty to decide this case on the merits.

From a visual examination of the exhibits in evidence, upon the record here presented, and in the light of the cited authorities on the doctrine of entireties, we are of the opinion that in no event can the heel serts and nails, together with the templates, be regarded as

entireties. The nails and serts are of metal; the templates are printed paper or cardboard which bear no "natural affinity or relation" to the other contents of the paper envelopes. The combination of heel serts, nails, and templates are never, according to this record, merged or joined together so "that the whole creates a new and distinct article with a new name and use." Accordingly, it was error on the part of the collector of customs to classify the controverted merchandise as entireties and to assess duty thereon at the rate of 45 per centum ad valorem pursuant to the terms of paragraph 397, *supra*. It was likewise error for the appraiser, as disclosed by the official papers, to evaluate the merchandise as entireties.

We therefore find ourselves in a position similar to that which existed in the case of *United States* v. *John Wanamaker*, 20 C. C. P. A. (Customs) 381, T. D. 46185, where our appellate court held, in determining the proper dutiable classification of certain leather-bound books, that the appraised value of the bindings and of the printed pages should have been separately stated, and inasmuch as appraisement was made on the books as entireties, such appraisement was invalid and void.

In the circumstances of the present case, we find that the envelope with its contents (exhibit 1) is not an entirety, and that the appraisement was not only erroneous but also null and void. It follows as a natural consequence that the liquidation of the entry was premature and, therefore, a nullity in view of the absence of a legal appraisement. Hence, the protest filed herein is likewise premature and does not invoke our jurisdiction to pass upon the merits of the case.

Consequently, we have no recourse but to follow the statutory instructions contained in section 16 (c) of the Customs Administrative Act of 1938 (28 U. S. C. § 2636 (d)) which read:

If upon the hearing of a protest, the United States Customs Court shall declare an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge, who shall proceed to determine the proper dutiable value of such merchandise in the manner provided for by this section. * * *

We therefore dismiss the protest as premature and remand the matter to a single judge to determine the proper dutiable value of the merchandise in the manner provided by law.

Judgment will issue accordingly.