BEFORE THE SECOND DIVISION, FEBRUARY 18, 1953

No. 57082.—Hughes Fawcett, Inc. *v.* United States, protests 148254–K, 151347–K, and 160394–K (New York).

LAWRENCE, Judge: The protests enumerated in schedule "A," attached to and forming part of our decision herein, relate to the proper dutiable classification of certain imported heel serts, together with nails and templates, packed in printed paper envelopes. The collector of customs classified the articles in issue as entireties, and duty was assessed thereon at 22½ per centum ad valorem within the provisions in paragraph 397 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, as articles not specially provided for, composed wholly or in chief value of metal.

The plaintiff in its protests, or by amendments thereto, sets forth various claims for the assessment of a lower rate of duty, but in view of the conclusion we have reached herein, it is unnecessary to set them forth.

The parties have submitted these cases for decision upon a written stipulation of counsel to the effect that the items of merchandise marked "A" and initialed "DJK" on the invoices accompanying the entries consist of metal heel serts and accessories similar in all material respects to the merchandise which was the subject of *Hughes Fawcett, Inc.* v. *United States*, 29 Cust. Ct. 1, C. D. 1434, the record in which case has been incorporated herein. In the cited case, it was held that the serts, nails, and templates do not constitute entireties in contemplation of law; that in treating them as such the appraisement was void; that, consequently, the liquidation of the entry was premature and void; that, therefore, the protest was premature and, accordingly, was dismissed and the matter referred to a single judge to determine the proper dutiable value of the merchandise pursuant to the terms of section 16 (c) of the Customs Administrative Act of 1938 (28 U. S. C. § 2636 (d)).

Upon the agreed statement of facts and the cited authority, we hold that the items of merchandise marked "A," as aforesaid, on the invoices do not constitute entireties and that the appraisement of them as such was null and void. Consequently, the liquidation of the entries was premature and a nullity in view of the absence of a legal appraisement. Hence, the protests filed herein are likewise premature and do not invoke our jurisdiction to pass upon the merits of these cases. We therefore dismiss the protests as premature and, in accordance with the statutory instructions contained in 28 U. S. C. § 2636 (d), we remand the cases to a single judge to determine the proper dutiable value of the merchandise in the manner prescribed by law.

Judgment will issue accordingly.