BEFORE THE SECOND DIVISION, SEPTEMBER 27, 1956

**No. 60262.**—Asam Manufacturing Co. *v.* United States, protest 265905–K (Detroit).

LAWRENCE, Judge: The importation in controversy here consists of certain advertising cards, represented by exhibit 1, which is approximately 4 inches by 8½ inches in dimensions. Printed on one side of the card are the name and address of the plaintiff and the following text:

Compare the European Examples of a fine screw product, gear and pinion, manufactured to our American customer's specifications, attached to the reverse side of this card above their respective prints. ASAM Manufacturing Company has many capable producers in Switzerland, Germany, France and Italy available to supply your critical requirements: and thus materially assist your firm in meeting both the Military and Civilian demands now being made on your capacity. Our Quotations are submitted to you F. O. B. Detroit, Michigan, United States duty paid, hence for custom's purposes, in your inquiry please state the product into which your parts are incorporated and, when available, inclose a sample of your current production. We shall welcome an early opportunity to quote on your requirements, assuring you of prompt quotation, good delivery and competitive pricing.

Beneath this text, three arrows invite attention to the following legend:

FILE THIS CARD FOR HANDY REFERENCE

Printed on the reverse side of the card are three diagrammatic sketches, and immediately above each of the sketches is a cellophane envelope, which is fastened to the card by means of a small wire staple. Enclosed in each of the envelopes is a small metal object, which has been manufactured in accordance with the specifications and dimensions of the diagrammatic sketch printed thereon.

Each printed card, together with the attachments above described, was appraised as an entirety and, as such, was classified by the collector of customs as an article in chief value of metal, and duty was imposed thereon at the rate of 22½ per centum ad valorem in accordance with the provisions of paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.

Plaintiff relies on the following claim addressed to the collector of customs and set forth in its protest:

Your liquidations are based upon an illegal appraisement of this merchandise as entireties. The individual items on each importation should have been separately appraised and classified. The appraiser should separately appraise each of the items involved and you should separately classify the same under the appropriate paragraphs and rates.

If the court should sustain the claim of plaintiff that the imported articles are not entireties, it would follow that the liquidation by the collector was premature and void, because there has not been a valid appraisement of the separate items.

At the outset, we are met with a contention of the defendant that the protest is insufficient, in that it does not meet the requirement in section 514 of the Tariff Act of 1930 (19 U. S. C. § 1514) that a protest must be in writing, "setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto." In other words, to quote from the brief of the defendant, "It is the contention of the Government that it is insufficient for a protest merely to state that there was error in classifying an importation as an entirety without specifying the paragraphs under which the importer claims."

For reasons which will appear, *infra*, we are of the opinion that this contention is without merit. As pointed out above, plaintiff, by its protest, merely challenges the validity of the acts of the collector and appraiser in treating the importation as an entirety, and, if the court should hold that the advertising cards in controversy are not entireties, but that each item on the cards should be separately classified for duty, it would naturally follow that the liquidation and appraisement were both invalid. Consequently, any claims in the protest for the proper classification of the various items would be unavailing.

It is true, as stated by the defendant in its brief, that, in *Hughes Fawcett, Inc.* v. *United States*, 29 Cust. Ct. 1, C. D. 1434, and *W. A. Force & Co., Ltd.* v. *United States*, 24 Cust. Ct. 140, C. D. 1222, plaintiffs therein did set forth the specific paragraphs of the tariff act which they claimed applicable to the articles therein involved, if separately dutiable. In both of the cases above cited, the court was of the opinion that the articles in controversy in the respective cases were not entireties. In the *Hughes Fawcett* case, *supra*, the only ground of relief was by remanding the matter to a single judge to determine the proper value of the merchandise in the manner prescribed by law (28 U. S. C. § 2636 (d)). However, in the *Force* case, *supra*, the unit values of the various items constituting the fount sets there involved having been agreed upon by the parties, it was possible for the court to grant the relief sought by plaintiff.

Further in support of its contention that the protest is insufficient, defendant cites the following authorities:

*Lichtenstein* v. *United States*, 1 Ct. Cust. Appls. 79, T. D. 31105.

*Sonneborn's Sons* v. *United States*, 3 Ct. Cust. Appls. 54, T. D. 32348.

*United States* v. *E. H. Bailey & Co.*, 32 C. C. P. A. (Customs) 89, C. A. D. 291.

*In re Solvay Process Co.*, 134 Fed. 678.

Suffice it to say, in each of those cases, no question was raised as to the validity of the action of the collector of customs or that of the appraiser. On the contrary, there was a clear-cut controversy between the classification of the merchandise in each case as made by the collector and that claimed by the plaintiff. The authorities relied upon by the defendant were all well recognized as "classification" cases and, as we see it, have no bearing on the question presented by the instant protest. We, therefore, hold that the protest now before us is sufficient for the purpose for which it was intended.

Upon the subject of entireties, there have been many decisions written in which it is recognized that the line is not too clearly drawn by which it may be easily determined whether or not a given commodity should be regarded as an entirety.

Plaintiff places reliance upon the cases of *Hughes Fawcett, Inc.* v. *United States*, and *W. A. Force & Co., Ltd.* v. *United States*, above referred to.

In the *Fawcett* case, the merchandise consisted of so-called metal heel serts, together with nails and templates, imported packed in printed paper envelopes. The serts, nails, and templates had been classified for duty as entireties in chief value of metal, and, inasmuch as the statute provided that "paper envelopes which

contain merchandise subject to an ad valorem rate of duty * * * shall be dutiable at the rate applicable to their contents * * *," the envelopes were likewise assessed with duty at the rate applicable to the metal articles.

We there discussed various cases on the subject of entireties and stated that—

* * * it has been fairly well settled as a general proposition that to constitute an entirety within the meaning of the tariff act, a combination of two or more articles must be so joined together or merged that the whole creates a new and distinct article with a new name and use. * * *

Further, we said that—

* * * The nails and serts are of metal; the templates are printed paper or cardboard which bear no "natural affinity or relation" to the other contents of the paper envelopes. The combination of heel serts, nails, and templates are never, according to this record, merged or joined together so "that the whole creates a new and distinct article with a new name and use." * * *

We followed in principle the doctrine announced in *Wm. Adams, Inc.* v. *United States*, 5 Cust. Ct. 239, C. D. 407, which is stated as follows:

Where articles are designed to be used together but are separate, distinct, and complete in themselves, they are not to be regarded for tariff purposes as entireties, because they do not merge so as to form a new and distinct article of commerce having a different character and use, or because neither is essential to the completeness of the other or bears a natural affinity or relation one to the other. *Borgfeldt* v. *United States*, 11 Ct. Cust. Appls. 105, T. D. 38750; *United States* v. *Kalter*, 11 Ct. Cust. Appls. 540, T. D. 39680; *Lord & Taylor* v. *United States*, G. A. 6942, T. D. 30140, 18 Treas. Dec. 324; *Coty Processing Co., Inc.* v. *United States*, 23 C. C. P. A. 117, T. D. 47768; *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, 22 C. C. P. A. 281, T. D. 47330.

In holding that the heel serts and other accessories in the *Fawcett* case did not constitute entireties, we stated that we found ourselves in a position similar to that which was presented in *United States* v. *John Wanamaker*, 20 C. C. P. A. (Customs) 381, T. D. 46185, wherein our appellate court, in determining the proper dutiable classification of certain leather-bound books, held that the value of the bindings and printed pages should have been separately stated, and that, inasmuch as an appraisement was made on the books as entireties, such appraisement was invalid and void.

In the *W. A. Force & Co., Ltd.*, case, *supra*, we held that a fount set, consisting of 112 pieces of a movable type, imported in a wooden box, together with a metal holder, a metal wrench, and a pair of metal tweezers, was not an entirety. That conclusion was based upon the same reasoning and principles above discussed in the *Fawcett* case.

In the instant case, however, a different situation presents itself. The merchandise, represented by exhibit 1, is nothing more or less than an advertising card which plaintiff's witness Richard H. Asam, president of the plaintiff company, testified contained printed matter supplied by him to the company's purchasing agent in Switzerland; that he had instructed his agent to purchase small metal parts of the type and kind the company was supplying to its United States customers, to have diagrammatic sketches made with dimensions corresponding to the pieces purchased, and to have the same printed on the cards with the corresponding metal pieces enclosed in cellophane envelopes and stapled to the card. It further appears from the testimony of Asam that the diagrams appearing on exhibit 1 were typical of actual diagrams received by his company from its customers in the United States and that his company had parts manufactured in Switzerland, according to the dimensions required by its customers. In short, it appears from the testimony of plaintiff's witness Asam that the purpose of making up exhibit 1 was "That American customers could see the type of work we are capable of supplying and that they could, as they often do, take them out and compare them with the character of the print." It appears further from

the record that the metal pieces contained on exhibit 1 had no monetary value to the customer.

The facts established by the record to which reference has been made clearly distinguish the subject merchandise from that in the *Fawcett* and *Force* cases, *supra*. A vital point of distinction between those cases and the case at bar lies in the fact that, in the cited cases, the individual items which comprised the articles therein were, when appropriately applied, used to create something else, whereas, in the instant case, the imported article is a complete entity at the time of importation and enters consumption without change. Stated another way, in the case at bar, two or more articles have been so joined together or merged in such manner that the whole creates a new and distinct article with a different name and use, namely, an advertising card. Each of the parts is essential to the completeness of the other. None of the items which comprise the advertising cards has a separate identity—they merely combine to produce an advertising medium.

For the foregoing reasons, we find and hold that plaintiff has failed to sustain its claim, as set forth in its brief, "that the imported advertising cards, represented by Exhibit 1, are not dutiable as entireties * * *."

The protest is, therefore, overruled and judgment will be entered accordingly