(C.D. 3968)

NORTH AMERICAN FOREIGN TRADING CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 18, 1970)

*Barnes, Richardson & Colburn (Earl R. Lidstrom* and *Joseph Schwartz* of counsel) for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Andrew P. Vance* and *Steven R. Sosnov,* trial attorneys), for the defendant.

FORD, Judge: This matter presents for determination the question of whether certain earphones imported with radios but which may be used with other equipment such as tape recorders, dictating machines, television sets, etc., are dutiable as entireties with the radio under the provisions of paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739. Certain subminiature earphones imported with radios and dedicated to use with them are conceded to be subject to classification as "parts" of radios by virtue of *Motorola, Inc., et al. v. United States*, 54 Cust. Ct. 303, Abstract 69019 (1965). The protest is limited to earphones assessed with duty at the rate of 15 per centum ad valorem under the provisions of paragraph 353, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, as articles suitable for producing, rectifying, modifying, controlling or distributing electrical energy.

The pertinent portions of the statutes involved provide as follows:

Paragraph 353, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, provides in pertinent part:

> Articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy, * * *, finished or unfinished, wholly or in chief value of metal, and not specially provided for:
>
> * * * * * * *
>
> Other articles * * *_____ 15% ad val.

Paragraph 353, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, reads in pertinent part as follows:

> Articles having as an essential feature an electrical element or device, * * *, finished or unfinished, wholly or in chief value of metal, and not specially provided for:
>
> * * * * * * *
>
> Other * * * _____ 13¾% ad val.
>
> Electrical signaling, radio, welding, and ignition apparatus, instruments (other than laboratory), and devices, finished or unfinished, wholly or in chief value of metal, and not specially provided for (not including television apparatus, instruments, or devices)____ 12½% ad val.
>
> Parts, finished or unfinished, wholly or in chief value of metal, not specially provided for, of

articles provided for in any item 353 of this Part (not including X-ray tubes or parts thereof) _____ The same rate of duty as the articles of which they are parts.

The record herein consists of the following stipulation entered into by and between counsel for the respective parties and approved by the court:

IT IS HEREBY STIPULATED AND AGREED, subject to approval of the Court, by and between counsel for the plaintiff and the Assistant Attorney General for the United States, as follows:

1. That the protest is limited to earphones imported with radios but separately assessed with duty at the rate of 15% ad val. under Par. 353, Tariff Act of 1930, as modified by T.D. 51802, as articles suitable for producing, modifying, rectifying, controlling, or distributing electrical energy.

2. That the earphones covered by entry 1021436 of May 25, 1961, and represented by Plaintiff's Exhibits 1 and 2, are earphones, presently known as subminiature earphones, similar in all material respects to those the subject of *Motorola, Inc.* vs. *United States*, 54 Customs Court 303, Abs. 69019.

3. That the earphones covered by entries 920966 of February 9, 1961 and 938796 of March 1, 1961, and represented by Plaintiff's Exhibit 3 are earphones similar in all material respects to those the subject of said *Motorola, Inc.* vs. *United States*, *supra*, Abs. 69019, except that they could be used with transistor radios or other electrical apparatus or devices to the same extent as were the earphones the subject of *Midland International Corp.* vs. *United States*, 59 Cust. Ct. 523, C.D. 3217.

4. That the parties agree that the earphones represented by Exhibits 1 and 2 are properly dutiable at 12.5% ad val. under Par. 353, by virtue of Abs. 69019.

5. That the plaintiff claims that the earphones represented by Exhibit 3 are properly dutiable at 12.5% ad val. under Par. 353, as an entirety with the radio covered by the same invoice and assessed with duty at said rate of 12.5% ad val. under Par. 353, and that the defendant claims that such earphones are properly dutiable at 13¾% ad val. under Par. 353, as modified by T.D. 52739, as articles having as an essential feature an electrical element or device.

6. That the earphones in Exhibit 3 were in the same package with the transistor radio therein equipped to receive earphones having the plug size and electrical impedence [sic] of the earphones involved, and that the said imported earphone is offered

for resale and resold in the same package with the other merchandise in Exhibit 3.

IT IS FURTHER STIPULATED AND AGREED, subject to approval of the Court, that Plaintiff's Exhibits 1, 2, and 3 may be received in evidence as illustrative exhibits of the imported merchandise in its import package, which also contains the radios and other articles described on the invoices.

IT IS FURTHER STIPULATED AND AGREED, subject to approval of the Court, that the records in Abs. 69019 and C.D. 3217 may be incorporated as part of the record in this case.

In view of the foregoing stipulation relating to the subminiature earphones represented by plaintiff's exhibits 1 and 2 and covered by entry 1021436 of May 25, 1961, we hold such earphones as were assessed with duty at 15 per centum ad valorem under paragraph 353, as modified, *supra*, to be properly subject to duty at 12½ per centum ad valorem under said paragraph 353, as modified, *supra*, as parts of radios. To this extent the claim in the protest is sustained.

The uses of exhibit 3, have been stipulated to be the same as those in the *Midland International Corp.* case, *supra*, which record is incorporated herein. It would seem that such uses of record should be indicated. The record therein established that the earphones imported in conjunction with tape recorders having the proper size plug and impedance could be used with tape recorders, dictating machines, radios, transistor radios, television sets, etc. We therefore have earphones, such as exhibit 3, which admittedly have various uses. Hence said articles are not parts of radios under the principles enunciated in the *Motorola* case, *supra*, nor are they claimed to be.

Plaintiff contends exhibit 3 is an entirety with the radio since the complete function of the radio includes the ability to use it with the earphone for private listening.

For tariff purposes an entirety is an article or an aggregation of articles which is subject to classification and appraisement as a single tariff entity. This question arises in two classes of problems: (1) Where two or more physically separate articles are considered or claimed to be a tariff entity. (2) Where the merchandise in question is physically joined in a commercial unit and is considered or claimed to be constructively separate articles for tariff purposes.

The doctrine of entireties is complex and judicial definitions of the term are formulated to decide a particular case which of necessity is addressed to the facts established therein. In the absence of any clearcut rule, the courts have taken a very flexible approach to this subject.

In the case of *Donalds Ltd., Inc.* v. *United States*, 32 Cust. Ct. 310, C.D. 1619 (1954), the late Judge Mollison in holding the dutiable status

of certain medicated inhalers to be entireties made the following pertinent comment with respect to the principle of merger:

> * * * If what is imported as a unit is actually and commercially two or more individual entities which, even though imported joined or assembled together, nevertheless, retain their individual identities and are not subordinated to the identity of the combination, duties will be imposed upon the individual entities in the combination as though they had been imported separately. Conversely, if there are imported in one importation separate entities, which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent.

Functional interplay is another principle utilized in the doctrine of entireties. The presence of functional interplay between the components does not of itself bring about the creation of an entirety. *Columbia Shipbuilding Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 281, T.D. 39085 (1922). In the *Columbia* case, *supra*, certain fans and steam engines were held not to be entireties notwithstanding the fact they were designed to be operated together. The fans and steam engines therein were installed and each retained its own name and essential characteristics. They did not merge or unite so as to form a new or distinct article having a different name or character.

Another criteria involving packaging or merchandising has been determinative of the entireties principle. The court has held heel serts sold together with nails on a paper board in an envelope not to be an entirety. *Hughes Fawcett, Inc.* v. *United States*, 29 Cust. Ct. 1, C.D. 1434 (1952). In a more recent case, electric cords sold together with an electric pot were held not to be an entirety even though intended to be used togther. The court therein found the cord did not lose its identity and function and that the cord will serve as a device to channel electricity to any number of appliances. *Silvine Importers, Inc.* v. *United States*, 57 Cust. Ct. 362, C.D. 2821 (1966). Similarly, the earphones represented by plaintiff's exhibit 3 do not lose their identity or function as earphones and have varied uses unrelated to the imported radios. Under such circumstances an entirety is not created for tariff purposes.

Plaintiff relies upon the theory that dedication is not a test for an entirety. A part may qualify as an entirety when imported together with the article with which it is intended to be used. The mere fact that an article does not meet the requirements, for tariff purposes, of a part does not, however, preclude said article from being an entirety. Citing *Davar Products, Inc.* v. *United States*, 61 Cust. Ct. 57, C.D. 3526, 287 F. Supp. 994 (1968). The *Davar* case, *supra*, involved a bat-

tery operated knife, consisting of a power handle and removable knife blades. The court therein also considered the question of independence of use of the components and made the following observation:

> The most recent decisions of this court also indicate that it is the independence of both components which is at issue in a dispute over whether an article is an entirety. The independence of both must have been established by showing either that they have other uses, are sold separately, or retain their individual identities. In *United Merchandising Corp. et al.* v. *United States*, 48 Cust. Ct. 50, C.D. 2313, this court held among other things that batteries and radios imported together were not entireties. The batteries could be used to power other types of radios and conversely the radios could be powered by other batteries. * * *

> This case differs from preceding cases in which the court has decided that importations consisted of separate articles rather than entireties. Here one portion of the importation, namely, the blade is unequivocally *dependent*. It is usable with no other power unit, is not usable alone, and has no separate identity. In this respect, the facts herein come well within the frequently quoted statement of our appellate court in *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T.D. 41232:

> \*　　\*　　\*　　\*　　\*　　\*　　\*

The *Davar* case, *supra*, is not controlling in the instant case since the record herein establishes use with a number of articles and it is quite evident that an earphone remains an earphone whether used with a radio, tape recorder, television, etc.

Similarly, this case is distinguishable from *Chadwick-Miller Importers, Inc., et al.* v. *United States*, 59 Cust. Ct. 529, C.D. 3221 (1967), which involved a jam or jelly server consisting of a stand, a glass dish with a notched top and a metal spoon which the court held to be an entirety. In so doing it reviewed and considered among other cases *Miniature Fashions, Inc.* v. *United States*, 54 CCPA 11, C.A.D. 894 (1966), and *United States* v. *Altray Company*, 54 CCPA 107, C.A.D. 919 (1967). The *Chadwick-Miller* decision made the following observation:

> While it is difficult to draw generalizations, the cases cited indicate that where all of the entities in a combination are complete in themselves and are capable of separate use, the unit is not an entirety, but that where at least one of the entities has no separate commercial value or separate use, the combination is an entirety.

As indicated, *supra*, exhibit 3 has uses other than with the imported radios and actually is a complete article. The argument advanced by plaintiff that the earphone has no use unless plugged into a jack is

untenable. For that matter the electric cord in the *Silvine* case, *supra*, has no use unless plugged into an electric outlet and an appliance.

The argument of plaintiff based upon the theory of manifold operation as set forth in the case of *United States* v. *Charles Garcia & Co., Inc.*, 48 CCPA 140, C.A.D. 780 (1961), and cases cited therein is not meritorious herein. In the *Garcia* case, *supra*, the reel with two spools was used for two kinds of fishing and therefore said reel was multipurpose. The court therein held the merchandise to be an entirety since it permitted the performance of the intended manifold functions. In the case at bar the same argument is made to the effect that the radio was designed for both speaker and earphone listening. It is however to be noted that the *Garcia* case, *supra*, involved specially designed detachable reels. In the case at bar it is admitted exhibit 3 has uses with other articles. Consequently, it can not be said to be specially designed.

In view of the foregoing we are of the opinion that exhibit 3 is not an entirety with the radio. However, following the principles set forth in the *Midland* case, *supra*, we find the classification of exhibit 3, as an article suitable for producing, rectifying, modifying, controlling or distributing electrical energy to be erroneous. The proper classification for said article under the *Midland* case, *supra*, is as an article having as an essential feature an electrical element or device and we so hold.

To the extent indicated the protest is sustained.

Judgment will be entered accordingly.

#### CONCURRING OPINION

RAO, Chief Judge: I concur in the result but am of opinion that the question of entireties is not before the court since the protest covered earphones only. *Wilshire Industries, Inc.* v. *United States*, 64 Cust. Ct. 84, C.D. 3963.