**TRANSAMERICAN ELECTRONICS CORP. et al.**

**v.**

**UNITED STATES.**

**C. D. 4405; Protest Nos. 70/1927–13893.**

United States Customs Court.

Feb. 2, 1973.

Schwartz & Lidstrom, Chicago, Ill., and Barnes, Richardson & Colburn, New York City (Peter J. Fitch and Earl R. Lidstrom, New York City, of counsel), for plaintiffs.

Harlington Wood, Jr., Asst. Atty. Gen. (Jordan J. Fiske and Andrew P. Vance, New York City, trial attorneys), for defendant.

FORD, Judge.

The cases set forth in schedule "A," annexed hereto and made a part hereof, come before the court on motions by plaintiffs for judgment on the pleadings and cross-motions by defendant for summary judgment. The court, pursuant to rule 10.3, orders the cases set forth in Schedule "B," annexed hereto and made a part hereof, submitted for decision as consolidated actions or joint actions as the cases may require.

The issues presented to the court for determination involve both procedural and classification matters. The procedural questions involve the sufficiency of the entireties claim contained in defendant's answer and the alleged lack of prayer for relief as well as the sufficiency of the motion for judgment on the pleadings made by plaintiffs. The classification issue involves the question of whether certain earphones, agreed to be the same in all material respects as those involved in General Electric Co. v. United States, 63 Cust.Ct. 140, C.D. 3887 (1969), aff'd, United States v. General Electric Co., 441 F.2d 1186, 58 CCPA 152, C.A.D. 1021 (1971), are properly parts of solid-state (tubeless) radios as claimed by plaintiffs and as such subject to classification under item 685.25, Tariff Schedules of the United States, as modified by T.D. 68-9, or are entireties with radios as contended by defendant and, therefore, dutiable under the solid-state (tubeless) radio provision, item 685.23, Tariff Schedules of the United States, as modified by T.D. 68-9. Alternatively, plaintiffs contend said earphones are subject to classification under item 688.40, Tariff Schedules of the United States, as electrical articles

and electrical parts of articles not specially provided for. The classification as headphones under item 684.70, Tariff Schedules of the United States, has been conceded by defendant to be erroneous and is, therefore, not involved herein.

The statutory provisions involved herein provide as follows:

Schedule 6, Part 5:
* * * radiobroadcasting and television transmission and reception apparatus * * * all the foregoing * * * and parts thereof:
* * * * * *
* * * radiobroadcasting and television transmission and reception apparatus, and parts thereof:
* * * * * *
Other:
685.23 Solid-state (tubeless) radio receivers. . . . . . . . . . . * * *
685.25 Other . . . . . . . . . . . . . * * *
* * * * * *
688.40 Electrical articles, and electrical parts of articles, not specialy provided for * * *

Based upon the answer, the following have been admitted:

1. The merchandise herein consists of earphones which were imported with solid-state (tubeless) radios.

2. The earphones in issue are chiefly used with the solid-state (tubeless) radios with which they were imported.

3. The earphones in issue are not "headphones."

4. The earphones in issue are the same in all material respects as the earphones which were the subject of General Electric Co. v. United States, 63 Cust.Ct. 140, C.D. 3887 (1969), aff'd, United States v. General Electric Co., 441 F.2d 1186, 58 CCPA 152, C.A.D. 1021 (1971).

5. The earphones in issue depend upon electrical energy for their operation.

6. The earphones in issue are not television apparatus nor parts thereof.

7. The earphones in issue are not solid-state (tubeless) radio receivers.

In addition the parties have stipulated the following facts:

1. That the merchandise, described in the involved entry as earphones were imported with solid-state (tubeless) radios to be sold as a unit with the radio with which they were imported.

2. That when the earphone is connected, it causes the sound, which would ordinarily be channeled through the radio speaker, to be diverted through the earphone.

The first procedural matter for consideration is whether defendant's answer was sufficient to present the issue of entireties as an alternative claim. Rule 4.6(c) of the rules of this court in effect at the time the answer was filed reads as follows:

*Classification:* If the defendant claims a classification or rate of duty different from the liquidation classification or assessed rate, the answer shall also set forth such different classification or rate of duty.

An additional provision was subsequently enacted which clarifies the matter and requires, insofar as answers are concerned, separately numbered paragraphs be indicated as alternative claims or defenses.[1]

Rule 4.3(b) under the general provision for the form of pleadings provides, among other things, that "[e]ach claim founded upon a separate transaction or occurrence and each defense, other than denials, shall be stated in a separate count or defense, whenever a separation facilitates the clear presentation of the matter set forth."

Defendant's answers to the complaint in paragraphs 15, 17, 18, 22, and 25[2] make a clear presentation of the

---

1. See rule 4.6(d).

2. 15. Admits that the earphones are not solid-state (tubeless) radio receivers, but avers that they are entireties with the

solid-state (tubeless) radio receivers with which they were imported.
17. Denied. Earphones such as there in issue are properly classifiable as entireties with the solid-state (tubeless)

claim for entireties even though not contained in separate paragraphs. Under the circumstances, I believe it complies with the then existing rules of this court as set forth, *supra*, and such a finding is in conformity with rule 4.2(d) which provides that "[a]ll pleadings shall be so construed as to do substantial justice."

■ The additional objection of plaintiffs that there is no prayer for relief is readily disposed of when consideration is given to the following paragraph of the answer:

WHEREFORE, defendant consents to the entry of a judgment determining that the earphones are entireties with the radios herein and voiding the liquidation in view of the fact that the merchandise was not appraised as an entirety with the radios.

This consent to entry of judgment as entireties is tantamount to a prayer for relief under the doctrine of entireties and as such, in my opinion, sufficient to raise the issue for consideration by the court.

■ The procedural matter raised by defendant as to whether sufficient facts were before the court at the time plaintiffs moved for judgment on the pleadings is in effect moot in view of the following provisions of rule 4.9 and rule 8.2(d).

### Rule 4.9 Motion for Judgment on the Pleadings

* * * If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and are not excluded by the court, the motion shall be treated as one for summary judgment and shall be disposed of as provided in Rule 8.2, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 8.2.

### Rule 8.2 Summary Judgment

\* \* \* \* \* \*

(d) * * * Judgment shall be rendered in favor of the party entitled thereto as a matter of law, if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.

Certainly if there is no genuine issue of any material fact as contended by defendant in its motion for summary judgment, it is presumed that there is no genuine issue of any material fact insofar as plaintiffs' position is concerned. Accordingly, I will consider the question of classification in order to grant relief to the proper party.

Based upon the admitted facts contained in the pleadings and referred to, *supra*, and the stipulation of fact entered into by and between counsel for the respective parties, there are sufficient facts before me to determine the proper classification of the earphones involved herein.

By virtue of defendant's answer that the classification of the involved merchandise as headphones under item 684.70, Tariff Schedules of the United States, was erroneous, the parties, insofar as the proof required to sustain their position is concerned, stand on an equal footing, there being no presumption of correctness attaching to the classification by customs.

There are a myriad of cases determining what constitutes parts and what is, for customs purposes, entireties. Earphones have been held as parts of radios under the provisions of the Tariff Schedules of the United States in this court's

---

radio receivers with which they were imported.

18. Denies that the instant earphones are properly classifiable as parts of radios inasmuch as they are entireties with the solid-state (tubeless) radio receivers with which they were imported.

22. Admits that item 685.25 does encompass parts of radios, solid-state or otherwise; denies that this item is applicable when the lesser article, (the earphone) is imported with and is an entirety with the greater (the radio) as in the instant case.

25. Denied. The earphones in issue are entireties with the radios with which they are imported and are correctly classifiable under item 685.23.

decision in the *General Electric* case, *supra*, wherein the following discussion covering the earphones and jacks concluded they were parts.

\* \* \* The testimony of plaintiff's witnesses establishes that the importation, both earphones and jacks, are designed for use in radios. The jacks are, at all times, essential to the functioning of the radio while the earphones are essential to use when attached. Both of these articles are parts, the jacks meet the more rigorous standards formerly applied such as those enunciated in United States v. Willoughby Camera Stores, Inc., 21 CCPA 322, T.D. 46851 (1933), while both they and the earphones meet the more recent criteria expressed as follows in Motorola, Inc., and International Expediters, Inc. v. United States, 54 Cust.Ct. 303, Abstract 69019 (1965):

The appellate court, in *Gallagher & Ascher, supra,* in reviewing the *Pompeo* and *Trans Atlantic* cases, *supra,* for the purpose of distinguishing the *Willoughby* case, *supra,* concluded that where an article is dedicated to a sole specific use and is necessary for the efficient operation of the article to which it is dedicated when once attached, it becomes a part of said article.

In the instant case, the earphones are exclusively designed for use in portable radios and when attached to the said portable radio, the speaker being automatically disconnected, the earphones, in the performance of the function for which they are designed, become a part of the radio.

The testimony herein further indicates that the use of the importations herein as parts of radios constitutes their chief use and hence their classification as parts of radio reception apparatus is in conformity with the requirement of General Interpretative Rule 10(ij) that a "part" of a specific article under the Tariff Schedules of the United States must be solely or chiefly used as a part of that article and is not specifically enumerated elsewhere.

Accordingly, based on the above, we conclude that both the imported earphones and jacks are properly classifiable as other parts of radio reception apparatus and are properly dutiable at the rate of 12.5 per centum ad valorem.

■ Based upon the foregoing, it is evident that the earphones at bar fall within the term "parts" as judicially determined. It is to be noted the General Interpretative Rule 10(ij) requires that a part must be solely or chiefly used as a part of the article. The pleadings confirm that the earphones are chiefly used with solid-state radios. The stipulated fact that the earphones disconnect the speaker when attached brings the earphones within the category of parts as indicated in the second paragraph quoted from the *Motorola* case, *supra*.

Under the Tariff Act of 1930, involving different statutory language and where parts required dedication to use rather than as provided in rule 10(ij) for sole or chief use, earphones were, nevertheless, held to be parts of radios in the case of Motorola, Inc., and International Expediters, Inc. v. United States, *supra*.

In the case of North American Foreign Trading Corp. v. United States, 64 Cust.Ct. 114, C.D. 3968 (1970), also involving the statutory provisions of the Tariff Act of 1930, the claim of entireties was considered. The court therein made the following observation:

The doctrine of entireties is complex and judicial definitions of the term are formulated to decide a particular case which of necessity is addressed to the facts established therein. In the absence of any clearcut rule, the courts have taken a very flexible approach to this subject.

In the case of Donalds Ltd., Inc. v. United States, 32 Cust.Ct. 310, C.D. 1619 (1954), the late Judge Mollison in holding the dutiable status of certain medi-

cated inhalers to be entireties made the following pertinent comment with respect to the principle of merger:

> * * * If what is imported as a unit is actually and commercially two or more individual entities which, even though imported joined or assembled together, nevertheless, retain their individual identities and are not subordinated to the identity of the combination, duties will be imposed upon the individual entities in the combination as though they had been imported separately. Conversely, if there are imported in one importation separate entities which by their nature are obviously intended to be used as a unit, or to be joined together by mere assembly, and in such use or joining the individual identities of the separate entities are subordinated to the identity of the combined entity, duty will be imposed upon the entity they represent.

Functional interplay is another principle utilized in the doctrine of entireties. The presence of functional interplay between the components does not of itself bring about the creation of an entirety. Columbia Shipbuilding Co. et al. v. United States, 11 Ct.Cust.Appls. 281, T.D. 39085 (1922). In the *Columbia* case, *supra,* certain fans and steam engines were held not to be entireties notwithstanding the fact they were designed to be operated together. The The fans and steam engines therein were installed and each retained its own name and essential characteristics. They did not merge or unite so as to form a new or distinct article having a different name or character.

Another criteria involving packaging or merchandising has been determinative of the entireties principle. The court has held heel serts sold together with nails on a paper board in an envelope not to be an entirety. Hughes Fawcett, Inc. v. United States, 29 Cust.Ct. 1, C.D. 1434 (1952). In a more recent case, electric cords sold together with an electric pot were held not to be an entirety even though intended to be used together. The court therein found the cord did not lose its identity and function and that the cord will serve as a device to channel electricity to any number of appliances. Silvine Importers, Inc. v. United States, 57 Cust.Ct. 362, C.D. 2821 (1966). Similarly, the earphones represented by plaintiff's exhibit 3 do not lose their identity or function as earphones and have varied uses unrelated to the imported radios. Under such circumstances an entirety is not created for tariff purposes.

Plaintiff relies upon the theory that dedication is not a test for an entirety. A part may qualify as an entirety when imported together with the article with which it is intended to be used. The mere fact that an article does not meet the requirements, for tariff purposes, of a part does not, however, preclude said article from being an entirety. Citing Davar Products, Inc. v. United States, 61 Cust.Ct. 57, C.D. 3526, 287 F.Supp. 994 (1968). The *Davar* case, *supra,* involved a battery operated knife, consisting of a power handle and removable knife blades. The court therein also considered the question of independence of use of the components and made the following observation:

> The most recent decisions of this court also indicate that it is the independence of both components which is at issue in a dispute over whether an article is an entirety. The independence of both must have been established by showing either that they have other uses, are sold separately, or retain their individual identities. In United Merchandising Corp. et al. v. United States, 48 Cust.Ct. 50, C.D. 2313, this court held among other things that batteries and radios imported together were not entireties. The batteries could be used to power other types of radios and conversely the radios could be powered by other batteries. * * *

This case differs from preceding cases in which the court has decided that importations consisted of separate articles rather than entireties. Here one portion of the importation, namely, the blade is unequivocally *dependent*. It is usable with no other power unit, is not usable alone, and has no separate identity. In this respect, the facts herein come well within the frequently quoted statement of our appellate court in Altman & Co. v. United States, 13 Ct.Cust.Appls. 315, T.D. 41232:

&ast; &ast; &ast; &ast; &ast; &ast;

The *Davar* case, *supra*, is not controlling in the instant case since the record herein establishes use with a number of articles and it is quite evident that an earphone remains an earphone whether used with a radio, tape recorder, television, etc.

Similarly, this case is distinguishable from Chadwick-Miller Importers, Inc. et al. v. United States, 59 Cust.Ct. 529, C.D. 3221 (1967), which involved a jam or jelly server consisting of a stand, a glass dish with a notched top and a metal spoon which the court held to be an entirety. In so doing it reviewed and considered among other cases Miniature Fashions, Inc. v. United States, 54 CCPA 11, C.A.D. 894 (1966), and United States v. Altray Company, 54 CCPA 107, C.A.D. 919 (1967). The *Chadwick-Miller* decision made the following observation:

    While it is difficult to draw generalizations, the cases cited indicate that where all of the entities in a combination are complete in themselves and are capable of separate use, the unit is not an entirety, but that where at least one of the entities has no separate commercial value or separate use, the combination is an entirety.

As indicated, *supra*, exhibit 3 has uses other than with the imported radios and actually is a complete article. The argument advanced by plaintiff that the earphone has no use unless plugged into a jack is untenable. For that matter the electric cord in the *Silvine* case, *supra*, has no use unless plugged into an electric outlet and an appliance.

The argument of plaintiff based upon the theory of manifold operation as set forth in the case of United States v. Charles Garcia & Co., Inc., 48 CCPA 140, C.A.D. 780 (1961), and cases cited therein is not meritorious herein. In the *Garcia* case, *supra*, the reel with two spools was used for two kinds of fishing and therefore said reel was multipurpose. The court therein held the merchandise to be an entirety since it permitted the performance of the intended manifold functions. In the case at bar the same argument is made to the effect that the radio was designed for both speaker and earphone listening. It is however to be noted that the *Garcia* case, *supra*, involved specially designed detachable reels. In the case at bar it is admitted exhibit 3 has uses with other articles. Consequently, it can not be said to be specially designed.

By the same token the admitted fact that the earphones are chiefly used, as distinguished from solely used as set forth in rule 10(ij), makes it evident that said earphones may have uses with other than solid-state radios. Said earphones are therefore obviously not specially designed for use with such radios. The fact that the earphones are imported together with the radios and are used with them does not lessen the fact that the earphones do not lose their identity as earphones. They do not merge or unite so as to form a new or distinct article having a different name or character.

The case of Lafayette Radio Electronics Corp. v. United States, 421 F.2d 751, 57 CCPA 62, C.A.D. 977 (1970), holding leather carrying cases for radios to be entireties is distinguishable from the case at bar. The court therein held the cases were designed for use with a particular radio and the radio functioned while in the case. In the case at bar

the earphones are chiefly used with radios (not designed, dedicated or solely used with a particular radio), and they retain their separate identity. A portable radio in a carrying case, however, would remain a radio, the carrying case being merged with the radio.

Accordingly, I hold the involved earphones to be parts of radios and subject to classification under item 685.25, *supra*. Plaintiffs' motions, which I consider to be for summary judgment, are, therefore, granted.

In view of this finding, it is unnecessary to consider plaintiffs' alternative claim under item 688.40 which is less specific.

Judgment will be entered accordingly.